J. T. McTEER CLOTHING COMPANY v. W. E. HAY.

(Filed 12 November, 1913.)

1. **Judgment—Estoppel—Matters Concluded—Separate Causes.**

The principle as to estoppel by judgment of all matters which should have been settled in the action does not extend to the subject of a separate cause of action, between the same parties, not formerly adjudicated, or embraced within the scope of the former inquiry.

2. **Same—Trials—Evidence.**

Where the debtor has given a note for the amount due his creditor at that time, upon which subsequently a judgment by consent had been rendered, reciting that it was to be for a full settlement of the matters in controversy, it is competent to show in another action between the same parties, wherein the former judgment has been pleaded as an estoppel, that the indebtedness sued on was not due when the note was given, and was not embraced in the former inquiry.

APPEAL by plaintiff from *Peebles, J.,* at May Term, 1913, of ALAMANCE.

This action is to recover two items of an account for goods sold and delivered, the first item being of date 26 March, 1909, for $305, and the second of date 26 March, 1909, for $13.50, both being subject to a credit of $63 for goods returned, leaving a balance due of $255.50.

The defendant denied the indebtedness and pleaded an estoppel by judgment.

The facts appearing of record in regard to the estoppel are as follows:

Prior to the institution of this action, the plaintiff commenced another action against the defendant, in which he alleged that on 14 May, 1909, the defendant was indebted to the plaintiff in the sum of $1,002.28, and that on that day he executed his note therefor, payable in installments; that payments had been made thereon; that default had been made, and that there was a balance due the plaintiff of $452.78.

The defendant answered, admitting the allegations of the complaint, except he alleged that he was entitled to an additional credit of $40.

At January Special Term, 1911, a judgment by consent was rendered in said action, which after reciting that the parties had agreed to a full settlement of all matters in controversy, adjudged that the plaintiff recover $412.78, which was the amount claimed by the plaintiff, less the additional credit of $40 claimed by the defendant. It does not appear of record that the two items embraced in this action were in controversy in the first action, and, on the contrary, the account attached to the complaint in the original action shows those two items were not due when the note was executed, and were not embraced therein.

On the trial of this action, the plaintiff offered a witness who testified: "I live at Knoxville, Tenn. I am treasurer and credit man of the McTeer Clothing Company. I am familiar with the books of that company. I know about the time the note was given for $1,000 as indicated in the record. At that time that was all the indebtedness of W. E. Hay that was due, but not the entire amount he owed. It was never intended that the note should cover anything but the past-due indebtedness at the time the note was given. The items now sued for in this action were not due at the time the note was given. These items were to fall due the October following the execution of the note. The note was in the hands of the collecting department of the Credit Clearing House all the time from the time it was executed until suit was brought on it. It was afterwards forwarded to W. H. Carroll, attorney, here. That note and the suit upon it has been settled. W. E. Hay ordered the goods sued for, by letter." This evidence was withdrawn from the jury, and the plaintiff excepted.

His Honor submitted the following issue to the jury: "1. Were all matters at issue between the plaintiff and defendant settled in the case between the same parties at the January Special Term, 1911?" and instructed the jury if they believed the evidence to answer the issue "Yes," and the plaintiff excepted.

There was a verdict and judgment in favor of the defendant, and the plaintiff excepted and appealed.

CLOTHING CO. *v.* HAY.

*W. H. Carroll for plaintiff.*
*No counsel for defendant.*

ALLEN, J., after stating the case: There appears to be some confusion in the authorities as to the matters concluded by judgment, some declaring that it estops only as to the questions actually litigated, and others that it not only estops as to those litigated, but also as to all that might have been litigated in the action.

The apparent conflict arises from failure to distinguish between the difference in the causes of action, both rules existing, but being applicable to different facts.

The line is clearly marked in *Cromwell v. County of Sac,* 94 U. S., 351, which has been approved in numerous cases, in which the Court says: "The questions presented for our determination relate to the operation of this judgment as an estoppel against the prosecution of the present action, and the admissibility of the evidence to connect the present plaintiff with the former action as a real party in interest. In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent

163—32

evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law, upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all causes, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action. . . . It is not believed that there are any cases going to the extent that, because in the prior action a different question from that actually determined might have arisen and been litigated, therefore, such possible question is to be considered as excluded from consideration in a second action between the same parties on a different demand, although loose remarks looking in that direction may be found in some opinions. On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause because it might have been determined in the first action."

If the evidence offered by the plaintiff is admissible and true, the former judgment is not, under this rule, an estoppel as to the cause of action alleged, because it was not in issue in the former action and this action is not on the same claim or demand.

We are also of opinion that the evidence offered by the plaintiff is competent.

The question was decided in *Yates v. Yates,* 81 N. C., 401, which has been approved on this point in *Bryan v. Malloy,* 90 N. C., 513; *Baker v. Garris,* 108 N. C., 227; *Jones v. Beaman,* 117 N. C., 263.

In the *Yates case* the Court says: "A verdict and judgment directly upon the point in issue is, as a plea, a bar, or, as evidence, conclusive upon the same matter directly in question in another suit, not extending to any matter coming collaterally or incidentally in question or inferred by way of argument. *Duchess of Kingston's case,* 2 Smith Leading Cases, 424. This became a rule and is enforced in the courts upon the idea that when a point or question is once litigated and decided by a verdict and judgment, it was justice to the parties and good policy that the same should not again be drawn into contest in a subsequent suit between the same parties. And to give effect and application to the principle, the rules of pleading required it to be availed of by plea of the judgment as a bar, or estoppel, or as evidence on the general issue. And anciently under the system of pleading, conducive to the end of ascertaining and preserving in a permanent form the material issues and the adjudication thereof, it was held that the record should not estop, unless it showed on its face that the very point sought to be kept from a second contest was distinctly presented by an issue and expressly found by a jury. A system of pleading more general and loose having been adopted and allowed at this day, but little of the ancient certainty of allegation and denial is now required; and hence it is difficult, if not impossible, to ascertain the subject-matter of a controversy and the precise points made and decided by a mere inspection of the record as formerly; and therefore it grew to be the rule that it was not necessary that the record should show definitely the precise point or question upon which the right of a plaintiff to recover, or the validity of a defense depended, but only that the same matter might have been litigated and decided, and that intrinsic evidence might be admitted to define what the question was, its mate-

riality, and its decision by the jury. *Young v. Black,* 7 Cranche, 565; *Packet Co. v. Sickles,* 24 How., 333; *Wood v. Jackson,* 8 Wend., 9; *Eastman v. Cooper,* 15 Pick., 276; 1 Greenl. Ev., sec. 531. The rule of the admissibility of parol testimony in support of the plea of estoppel to show what was the material point, and its decision in a former action, generally prevails at this day."

We are therefore of opinion there is error, and a new trial is ordered.

New trial.