## HARVEY BOWEN v. P. M. MURPHREY AND WIFE, GLADYS CARR MURPHREY.

(Filed 11 April, 1962.)

**Injunctions § 14; Judgments § 28—**

In a suit by lessee to restrain lessor from interfering with his possession, judgment was entered on the final hearing that lessee had neither breached nor abandoned the lease and was entitled to possession and to restrain lessor from interfering with that possession. *Held:* The judgment was a final judgment and lessor is not entitled to maintain a motion in the cause for asserted violation of the lease, since asserted breaches occurring prior to the judgment were concluded by the judgment and asserted breaches occurring subsequent thereto relate to a new cause of action which may not be engrafted upon the action by motion in the cause.

APPEAL by defendant Gladys Carr Murphrey, movant, from an order signed September 18, 1961, at Kinston, N. C., by *Stevens, J.,* Judge presiding in the Eighth Judicial District, denying her motion for injunctive relief. From GREENE.

This action was instituted January 16, 1959, by plaintiff-lessee to restrain defendants-lessors from interfering with plaintiff's possession and use of leased farm lands.

Plaintiff alleged that, notwithstanding his right to possession under the lease and his payment of rental in advance through December 31, 1962, defendants, in particulars set forth, had interfered and were interfering with his farming operations.

Answering, defendants admitted their execution of the lease agreement on which plaintiff based his action. Apart from this, they denied the material allegations of the complaint. As a further defense and as a counterclaim, defendants alleged plaintiff had surrendered the lease to defendant Gladys Carr Murphrey following the crop year 1958, and had forfeited the lease (1) by his failure to pay the agreed rental, and (2) by his failure to comply, in particulars set forth, with obligations imposed on him by the terms of the lease. Defendants prayed that they "be empowered, authorized and permitted to proceed to take possession of the farm lands, and cultivate the same during the year 1959 and coming years."

In a trial before Bone, J., and a jury, at January Term, 1960, the court submitted, and the jury answered, these issues: "1. Has the plaintiff substantially complied with the terms and conditions of the written lease dated December 8, 1954 between the plaintiff and defendant? Answer: Yes. 2. Did the plaintiff abandon said lease and surrender possession of the premises to the defendants as alleged in the answer? Answer: No. 3. Have the defendants wrongfully inter-

fered with plaintiff's possession of the leased premises and interfered with his peaceful enjoyment of the rights given to him under said lease? Answer: Yes."

Neither the evidence nor the court's charge to the jury in said trial is in the record. According to the lease, all rent for the entire term, that is, through December 31, 1962, had become due and payable prior to said trial.

In the judgment entered by Judge Bone, it was ordered, adjudged and decreed "(t)hat the plaintiff is in the rightful possession of the lands and premises described in the aforesaid lease and is entitled to have defendants restrained from interference with such possession," and that the defendants be restrained from interference with plaintiff's possession and farming operations through the year 1962.

Defendants did not appeal from said judgment.

On or about June 28, 1961, defendant Gladys Carr Murphrey filed a verified motion denominated "MOTION IN THE CAUSE." She asserted her codefendant, P. M. Murphrey, was dead. She asserted plaintiff had failed to comply, in particulars set forth, with obligations imposed on him by the terms of the lease. She does not state when these asserted violations by plaintiff, if any, occurred. She moved: "1. That Harvey Bowen be required to comply with the agreement entered into and in accordance with the order entered at the January 1960 Term in the Greene County Superior Court. 2. That the said Harvey Bowen be restrained from permitting trespass, and be required to place Posted signs on the said premises as outlined in said lease. 3. That the said Harvey Bowen be restrained from violations of the lease agreement pending a hearing on the motion in the cause. 4. For such other and further relief as to the Court may seem just, equitable and proper . . ."

Plaintiff, by answer thereto, denied the material allegations of said motion.

Upon hearing, Judge Stevens, "being of the opinion that a motion in the cause is not applicable and cannot be entertained in such way," ordered and adjudged "that the motion designated as a motion in the cause be, and the same is hereby dismissed at the cost of the defendants."

Movant excepted to Judge Stevens' said ruling and order and appealed.

*John Hill Paylor for defendant Gladys Carr Murphrey, appellant.*
*John G. Dawson and K. A. Pittman for plaintiff appellee.*

BOBBITT, J.   No appeal having been taken therefrom, the judgment entered by Judge Bone at January Term, 1960, became and is a final judgment upon the merits. A judgment has been defined as "the final consideration and determination by a court of the rights of the parties, *as those rights presently exist,* upon matters submitted to it in an action or proceeding." (Our italics) 30A Am. Jur., Judgments § 2. "A final judgment is the conclusion of the law upon the established facts, pronounced by the court." *Whitted v. Palmer-Bee Co.,* 228 N.C. 447, 452, 46 S.E. 2d 109; *Lawrence v. Beck,* 185 N.C. 196, 200, 116 S.E. 424, and cases cited.

A final judgment, which adjudicates upon the merits the issues raised by the pleadings, "estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward." *Bruton v. Light Co.,* 217 N.C. 1, 7, 6 S.E. 2d 822, and cases cited; *King v. Neese,* 233 N.C. 132, 136, 63 S.E. 2d 123, and cases cited; *Hayes v. Ricard,* 251 N.C. 485, 494, 112 S.E. 2d 123.

Movant does not seek to set aside the judgment entered at January Term, 1960, or attack it in any respect. Nor does she seek a modification of the injunction decreed therein. Rather, she moves that she be granted injunctive relief, asserting as grounds therefor the violation by plaintiff of obligations imposed on him by the terms of the lease.

Alleged violations occurring prior to the trial and judgment at January Term, 1960, were either issuable matters contained in the pleadings or material and relevant matters within the scope of the pleadings which defendants, in the exercise of reasonable diligence, could and should have brought forward. As to such alleged violations, movant is bound by said judgment. Indeed, the judgment is based on an express jury finding that plaintiff had substantially complied with the terms and conditions of the lease.

If it be assumed that the alleged violations referred to in the motion or any of them occurred subsequent to the trial and judgment at January Term, 1960, the motion is in substance a complaint in a new cause of action that accrued subsequent to the entry of said judgment. Obviously, the said judgment is not determinative of the rights of the parties in respect of such subsequently accruing cause of action. The court below properly held movant cannot, under the guise of a motion in the cause, engraft upon an action in which final judgment has been entered what is essentially a new and independent cause of action.

Affirmed.