## MORGAN YOUNG v. PAULINE YOUNG

### No. 7428DC54

### (Filed 1 May 1974)

**Divorce and Alimony § 14; Judgments § 37— adultery — prior judgment — res judicata — acts occurring after judgment**

In the husband's action for divorce based on a one-year separation, the wife was barred on the ground of *res judicata* from asserting as a plea in bar or counterclaim acts of adultery by the husband alleged to have occurred prior to the date of a judgment dismissing with prejudice the wife's prior action for alimony without divorce based on adultery; however, the wife was not barred from asserting claims of adultery alleged to have occurred subsequent to the date of the judgment in the prior action.

APPEAL by defendant from *Weaver, District Judge,* at the 10 August 1973 Session of BUNCOMBE District Court.

Heard in the Court of Appeals 19 March 1974.

This action for divorce based on a one-year separation was instituted by the plaintiff, Morgan Young, on 10 October 1972. The defendant counterclaimed for divorce from bed and board, alimony and possession of the home. As a plea in bar, she alleged adultery, allegedly committed by the plaintiff with one Mrs. Tuton before and after 9 April 1971. Plaintiff moved to strike the counterclaim and the defense of adultery on the grounds of *res judicata.* Plaintiff's evidence at the hearing on the motion consisted of the complaint of Pauline Young in a prior action by her for permanent alimony without divorce, alimony pendente lite, counsel fees, and possession of the home. As grounds for the relief requested, the complaint of Pauline Young had alleged the adultery of Morgan Young with one Mrs. Tuton before and after 17 January 1971. In support of his motion in this action, plaintiff, Morgan Young, also introduced the 25 August 1972 judgment of Judge Winner in the wife's action which dismissed her case with prejudice at the close of her evidence, making the order of Judge Winner, in effect, a directed verdict. The trial court in this action granted plaintiff's motion, barred the defendant's counterclaim, and struck her defense of adultery on the grounds of *res judicata.*

*Robert S. Swain and Joel B. Stevenson for plaintiff appellee.*

*Herbert L. Hyde for defendant appellant.*

CAMPBELL, Judge.

The doctrine of *res judicata* applies to divorce actions as well as other civil actions. *Garner v. Garner*, 268 N.C. 664, 151 S.E. 2d 553 (1966). No appeal having been taken therefrom, the judgment entered by Judge Winner 22 August 1972, became and is a final judgment upon the merits and a determination of the rights of the parties as they existed at the time of the judgment. *Bowen v. Murphrey*, 256 N.C. 681, 124 S.E. 2d 882 (1962). In *Bowen v. Murphrey, supra,* the court stated:

> "A final judgment, which adjudicates upon the merits the issues raised by the pleadings, 'estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward.' *Bruton v. Light Co.*, 217 N.C. 1, 7, 6 S.E. 2d 822, and cases cited; *King v. Neese*, 233 N.C. 132, 136, 63 S.E. 2d 123, and cases cited; *Hayes v. Ricard*, 251 N.C. 485, 494, 112 S.E. 2d 123."

In *King v. Neese*, 233 N.C. 132, 63 S.E. 2d 123 (1951), the court stated:

> "Where a second action or proceeding is between the same parties as a first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all matters which could properly have been litigated and determined in the former action or proceeding. *Distributing Company v. Carraway*, 196 N.C. 58, 144 S.E. 535; *Moore v. Harkins*, 179 N.C. 167, 101 S.E. 564, rehearing denied in 179 N.C. 525, 103 S.E. 12; *Clothing Co. v. Hay*, 163 N.C. 495, 79 S.E. 955; *Tuttle v. Harrill*, 85 N.C. 456."

In the case at bar defendant has counterclaimed and pleaded in bar the grounds of adultery. Any instances of adultery by the husband up to the time of trial were relevant to her original action and in the exercise of due diligence could have and should have been brought forward. Thus we hold that, despite the pleading in this action of adultery by the husband after 9 April 1971, a date subsequent to that alleged in her complaint in her original action, this portion of defendant's answer is covered by

and bound by the 22 August 1972 judgment of Judge Winner. *Garner v. Garner, supra; Bowen v. Murphrey, supra; Hayes v. Ricard,* 251· N.C. 485, 112 S.E. 2d 123 (1960) ; *King v. Neese, supra.*

Defendant is, of course, not barred on the grounds of *res judicata* from asserting any claims of adultery alleged to have occurred subsequent to 22 August 1972, and it was error for the trial court to strike her defense and counterclaim as it related to events subsequent to 22 August 1972.

Affirmed in part.

Reversed in part.

Judges MORRIS and VAUGHN concur.