GEORGE F. BLAKE v. MARGARET Y. BLAKE

No. 7610DC974

(Filed 21 September 1977)

**Divorce and Alimony § 18.5— counterclaim for alimony—prior judgment under Uniform Reciprocal Enforcement of Support Act—res judicata**

In an action for divorce where defendant counterclaimed for alimony, the trial court properly dismissed the counterclaim since the judgment in a prior action brought by defendant under the Uniform Reciprocal Enforcement of Support Act was conclusive in its finding that defendant was not entitled to alimony based on incidents prior to the date of the judgment.

APPEAL by defendant from *Greene, Judge*. Judgment entered 7 June 1976 in District Court, WAKE County. Heard in the Court of Appeals 25 August 1977.

*C. K. Brown, Jr., for plaintiff appellee.*

*Gulley & Green, by Julian Mann III, for defendant appellant.*

VAUGHN, Judge.

This action for divorce based on a one-year separation was instituted by the plaintiff, George F. Blake, on 21 November 1975. The defendant, Margaret Y. Blake, counterclaimed for alimony pursuant to G.S. 50-16.8 (b)(3). Plaintiff moved for summary judgment on the counterclaim on the grounds that an order entered in February, 1975, was a bar and a complete defense to the alimony claim. In support of that motion, plaintiff introduced the record of a civil action brought by Margaret Y. Blake against George F. Blake under the Uniform Reciprocal Enforcement of Support Act and decided in Wake County District Court. In that action, the court had adjudged that Margaret Blake was not entitled to alimony.

The court granted plaintiff's motion for summary judgment and dismissed the counterclaim. Defendant appealed.

The doctrine of *res judicata* applies in divorce actions. *Young v. Young*, 21 N.C. App. 424, 204 S.E. 2d 711 (1974). It also applies to civil actions brought under the Uniform Reciprocal Enforcement of Support Act. These actions are in the nature of actions for alimony without divorce. *Cline v. Cline*, 6 N.C. App. 523, 170 S.E. 2d 645 (1969). They are decided under the same law as actions for alimony without divorce. G.S. 52A-12. In *Young v. Young, supra*, a judgment adverse to the wife in a prior action for alimony without divorce was

Blake v. Blake

*res judicata* as to any claim of adultery occurring up to the date of that judgment. In the present case, since all of the incidents upon which Margaret Blake's claim was based were alleged to have occurred prior to her separation from her husband in 1974, they could or should have been litigated in the first action. *Painter v. Bd. of Education,* 288 N.C. 165, 217 S.E. 2d 650 (1975). The judgment in the action under the Uniform Reciprocal Enforcement of Support Act is thus conclusive in its finding that Margaret Blake is not entitled to alimony based on incidents prior to February, 1975.

Defendant argues that G.S. 52A-4, which provides that the Uniform Reciprocal Enforcement of Support Act remedies "are in addition to and not in substitution for any other remedies," precludes the operation of res judicata in this case. Blake's duty to support is, however, governed by the laws of North Carolina. G.S. 52A-5, 8. Chapter 52A thus provides additional means of enforcing support obligations. It does not establish additional grounds for support. Defendant's right to support has already been litigated and decided against her.

Affirmed.

Judges HEDRICK and CLARK concur.