JOY RUSSELL v. PATRICK TENORE

No. 8126SC339

(Filed 1 December 1981)

**Constitutional Law § 24.7; Process § 9.1— no in personam jurisdiction—insufficient connection between transaction and State**

> Where plaintiff, a resident of North Carolina, sued defendant, a resident of California, for breach of a promise by defendant to pay plaintiff her portion of the purchase price for a restaurant, located in Chicago, and where the record contained no evidence that plaintiff was a North Carolina resident at the time the contract between her and defendant was executed or that any correspondence from defendant was directed to her in North Carolina, the evidence was insufficient to establish the requisite substantial connection between the transaction and this State to confer in personam jurisdiction. G.S. 1-75.4(5)(a).

APPEAL by plaintiff from *Allen, Judge.* Judgment entered 9 February 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 November 1981.

Plaintiff's complaint alleged that she was a citizen and resident of Charlotte, North Carolina, and that defendant was a citizen and resident of Irvine, California. Plaintiff and defendant were joint owners of a restaurant in Chicago, Illinois. The restaurant was sold to a third party, and defendant had promised to pay plaintiff her share (4/10) of the sales price, plus money she had advanced for operation of the restaurant. Defendant received a check for the restaurant made payable to plaintiff and himself, forged plaintiff's endorsement, cashed it and retained the full amount. Defendant refused plaintiff's demands that he pay her the money owed to her. Plaintiff prayed for compensatory and punitive damages.

Defendant was served by publication. He made a special appearance to move that the complaint be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure. From the granting of that motion, plaintiff appeals.

*Plumides, Plumides and Shuster by Michael G. Plumides for plaintiff appellant.*

*George Daly for defendant appellee.*

CLARK, Judge.

The sole question before this Court is whether the trial court acquired personal jurisdiction over defendant. A state court may assert jurisdiction over a nonresident defendant and bind him by its judgment only if the following elements exist: (1) a statutory ground for the exercise of jurisdiction over his person; (2) such minimum contacts with the state that it is fair to require him to defend within the state; and (3) proper service of process. *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977); *Globe, Inc. v. Spellman*, 45 N.C. App. 618, 263 S.E. 2d 859, *disc. review denied*, 300 N.C. 373, 267 S.E. 2d 677 (1980). The manner of service of process is not disputed herein.

With respect to statutory authorization, G.S. 1-75.4(5)(a) provides that a state court has jurisdiction in any action which

"Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this State or to pay for services to be performed in this State by the plaintiff; . . ."

It is well settled that a single contract can provide the basis of the exercise of jurisdiction over a nonresident defendant. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1957). If the contract is to be actually performed in North Carolina and has a substantial connection with this State, jurisdiction will lie. *Phoenix America Corp. v. Brissey*, 46 N.C. App. 527, 265 S.E. 2d 476 (1980). Therefore, a promise by defendant to pay to plaintiff in North Carolina her portion of the purchase price for the restaurant, plus money she had advanced for its operation, could be sufficient to bring defendant within the provisions of G.S. 1-75.4(5)(a).

In her verified complaint plaintiff alleges that at the time of its filing, she was a citizen and resident of North Carolina. Other than this allegation, the record is devoid of any connection between North Carolina and the promise by defendant to pay the sale proceeds to plaintiff. Plaintiff relies upon the letter of 8 August 1977 from defendant to plaintiff in which he described the upcoming sale of the restaurant and told her he would send her the monies from the sale. However, the record shows no inside address on the letter nor is there an envelope indicating a North

Carolina address for plaintiff. Attached to this letter was a special power of attorney which defendant asked plaintiff to execute to enable him to handle the real estate closing. Plaintiff contends in her brief that defendant changed the state on the power of attorney from Illinois to North Carolina and then initialed the change. However, there is no evidence in the record that defendant actually made this change or that he signed his initials beside the correction. Therefore, the record contains no evidence whatsoever that plaintiff was a North Carolina resident at the time the contract between her and defendant was executed or that any correspondence from defendant was directed to her in North Carolina. We find the evidence insufficient to establish the requisite substantial connection between the transaction and this State.

We hold, therefore, that the jurisdictional statutory grounds are not present here so as to enable the courts of this State to exercise jurisdiction over the person of defendant.

The order of 9 February 1981 dismissing plaintiff's complaint for lack of personal jurisdiction is

Affirmed.

Judges HEDRICK and MARTIN (Harry C.) concur.