MARIA MERCEDES WOOD v. ALLEN F. WOOD

No. 8226DC9

(Filed 21 December 1982)

**Judgments § 37.4— failure to assert compulsory counterclaim in prior divorce action—res judicata**

> Where plaintiff filed a complaint seeking alimony, child support, and custody of the children on the same day judgment was entered in an action for divorce from bed and board instituted by her husband, the trial court did not err in granting summary judgment in favor of her husband and ruling that *res judicata* applied to her suit since the wife should have asserted her rights in the prior trial and compulsory counterclaimed as part of her answer.

APPEAL by plaintiff from *Lanning, Judge.* Judgment entered 6 August 1981 in District Court, MECKLENBURG County. Heard in the Court of Appeals 18 October 1982.

Plaintiff appeals a dismissal of her complaint seeking alimony, child support, custody of the children born of the marriage and attorney fees. The trial court granted summary judgment in favor of the defendant, ruled that *res judicata* applied to the present suit, and denied plaintiff's claim for back child support.

*Cole, Ruff & Stokes, by James L. Cole, for plaintiff-appellant.*

*Wardlaw, Knox, Knox, Freeman & Scofield, by H. Edward Knox and John S. Freeman, for defendant-appellee.*

HILL, Judge.

On 27 December 1979, Allen F. Wood, the defendant herein, filed an action for divorce from bed and board, alleging indignities committed against him by his wife, Maria Mercedes Wood, the plaintiff herein. Plaintiff-wife filed an answer and counterclaim on 5 January 1980 in which she sought alimony, basing her suit on indignities committed against her by her husband. The court issued a consent judgment that was later set aside on grounds that the wife had withdrawn her consent before the signing of the consent judgment by the court. The matter came on for trial on 18 May 1981. On the second day of trial, the wife sought leave to file supplemental pleadings to allege inadequate support and abandonment, the latter purportedly having occurred in February, 1980. The trial court denied the motion. The jury returned a verdict finding that neither party had offered, without provocation, indignities to the other. The trial court entered judgment denying relief and dismissing the parties' claim and counterclaim.

Plaintiff did not appeal from the judgment in the prior action or from the denial of her motion to file supplemental pleadings. Instead, she commenced the present action on the same day judgment was entered in the previous action. Her complaint alleged abandonment by the husband in February, 1980 and raised other theories that she subsequently abandoned. Defendant filed his answer, pleading *res judicata* as to alimony and moving for sum-

mary judgment. The trial court granted defendant's motion for summary judgment and dismissed plaintiff's claim for alimony. The court on the day judgment was signed entered an order awarding custody, child support and other relief to plaintiff-wife, and visitation rights to defendant-husband, but declined to award the wife retroactive child support. Plaintiff gave notice of appeal from the judgment dismissing her alimony claim. An appeal from an award of attorney fees to plaintiff has been settled and paid, and is not before us at this time.

By her first assignment of error, plaintiff argues the trial court erred in granting summary judgment for defendant based on *res judicata*, i.e., that all matters alleged and sought to be asserted by plaintiff in this action were previously litigated between the parties in the prior action and determined adversely to the plaintiff, or were available to the plaintiff at the time and could have been litigated and determined in the exercise of due diligence. We find no error and overrule this assignment.

*Res judicata* applies to divorce proceedings as well as other civil actions. *Young v. Young*, 21 N.C. App. 424, 204 S.E. 2d 711 (1974). In *Young*, Judge Campbell, speaking for this Court, said:

"Where a second action or proceeding is between the same parties as a first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined but also as to all matters which could properly have been litigated and determined in the former action or proceeding."

*Id.*, at 425, 204 S.E. 2d at 712 (citations omitted).

The present action was filed on 22 May 1981, the same day judgment in the first action was rendered. The complaint alleged abandonment and nonsupport by the husband as of 28 February 1980. On the date of the alleged abandonment, the prior case was pending, having been filed 27 December 1979. The wife's counterclaim had been filed in January, 1980. The prior action was not tried until May, 1981, some sixteen months after the counterclaim by the wife was filed. Wife failed to file a timely motion to file supplemental pleadings, but did not move to amend her answer at the time of trial. The trial court disallowed the motion. Both Rule 13 and Rule 15 of the North Carolina Rules of

Civil Procedure provide that amendments to the pleadings may be made with permission of the court. We find no abuse of judicial discretion. Plaintiff had enough time in which to file an amendment to her answer and counterclaim.

Plaintiff's argument that defendant's notice of appeal deprived the trial court of jurisdiction thereafter is without merit. Discovery occurred after defendant filed notice of appeal, and it became apparent that defendant had abandoned his appeal. Furthermore, had plaintiff desired, she could have appealed from the trial court's denial of her motion to amend in the prior case.

We conclude wife should have asserted her rights in the prior trial in a compulsory counterclaim as part of her answer. *Hudspeth v. Bunzey*, 35 N.C. App. 231, 241 S.E. 2d 119, *disc. rev. denied*, 294 N.C. 736, 244 S.E. 2d 154 (1978). Her failure to do so, coupled with the judgment entered therein, bars her from asserting her claim now. The judgment is *res judicata.* This and plaintiff's second related assignment are overruled.

The trial court found that defendant paid criminally inadequate child support; that he did so willfully in a calculated effort to starve his wife into selling the family home. The trial court, however, made no finding that the sums paid by plaintiff for support of the children represented the father's obligation. The measure of defendant's liability to plaintiff is the amount actually expended by plaintiff which represented the defendant's share of support. *Hicks v. Hicks*, 34 N.C. App. 128, 130, 237 S.E. 2d 307, 309 (1977). Plaintiff's claim for retroactive child support is therefore denied.

The decision of the trial court is

Affirmed.

Judges ARNOLD and JOHNSON concur.