WILFRED HARTLEY STEVENS v. PHYLLIS JOANNE STEVENS

No. 8319DC734

(Filed 1 May 1984)

1. **Parent and Child § 10; Process § 9.1— enforcement of Georgia child support order—Uniform Reciprocal Enforcement of Support Act—jurisdiction over nonresident defendant**

   The Uniform Reciprocal Enforcement of Support Act gave the courts of this State statutory authority for the exercise of personal jurisdiction over a nonresident father upon motion by the mother for garnishment of alleged arrearages under a Georgia child support order which had been registered in Randolph County pursuant to the Uniform Act. Furthermore, the nonresident father had sufficient minimum contacts with this State so that the exercise of personal jurisdiction over him did not violate due process where the father was assigned to duty in the armed services at Fort Bragg; he brought his wife and two children to North Carolina where they lived in 1972 and 1973; he purchased a home in Fayetteville in which the family lived; in 1973 the father was assigned to Georgia on temporary duty, but his family continued to live in North Carolina; the father and mother thereafter separated, and the mother obtained child support judgments in Georgia; after the father and mother were divorced, the mother and children continued to live in North Carolina; and the father came to this State on two occasions to visit with his children and on one occasion was arrested under a warrant for child support initiated by the mother.

2. **Parent and Child § 10— enforcement of Georgia child support order—Uniform Reciprocal Enforcement of Support Act—garnishment—motion in the cause**

   Garnishment was a proper remedy for the enforcement of a Georgia child support order which had been registered in this State pursuant to the Uniform Reciprocal Enforcement of Support Act, and service of a motion in the cause for garnishment was proper process without the need of beginning a new action.

3. **Parent and Child § 10— Uniform Reciprocal Enforcement of Support Act—foreign support order entered prior to 1 October 1975**

   The registration provisions of the Uniform Reciprocal Enforcement of Support Act apply so as to allow enforcement in North Carolina of foreign support orders entered prior to 1 October 1975.

APPEAL by plaintiff from *Hammond, Judge.* Order entered 8 February 1983 in the District Court of RANDOLPH County. Heard in the Court of Appeals 12 April 1984.

This appeal involves North Carolina's jurisdiction over plaintiff. Plaintiff and defendant lived together as husband and wife in North Carolina until 1973, when they separated. Two children

were born of the marriage. Each party subsequently obtained a divorce. A temporary order for child support was entered against plaintiff in Augusta, Georgia in 1973, and a final order for child support was entered 5 February 1980 in Georgia. Defendant registered the Georgia support orders in the Foreign Support Order Registry of Randolph County on or about 19 August 1982, pursuant to G.S. 52A-29 of the Uniform Reciprocal Enforcement of Support Act (hereinafter "URESA").

Plaintiff was a member of the armed forces during the marriage, and the parties lived at Fayetteville, North Carolina. Plaintiff was living temporarily in Georgia at the time of separation and thereafter moved to Kentucky. Defendant returned to North Carolina and continued to reside here. Since the separation, plaintiff has visited his children in North Carolina at least twice, and on the second visit was charged with and arrested for non-support of his children. Presently plaintiff is living in Michigan.

Subsequent to the registration of the Georgia support orders in Randolph County, defendant filed a motion in the cause for garnishment of alleged arrearages under the Georgia orders. No summons was issued in connection therewith. In lieu thereof, defendant served notice of the motion on plaintiff by registered mail. Before filing his answer, plaintiff made a special appearance and filed a motion to dismiss pursuant to Rule 12(b)(2), challenging jurisdiction of the North Carolina court over him and quashing any alleged service of process. The trial judge denied plaintiff's motion. Plaintiff appeals.

*Moser, Ogburn, Heafner & Miller by Michael C. Miller for plaintiff appellant.*

*Beck, O'Briant and O'Briant by Lillian B. O'Briant for defendant appellee.*

HILL, Judge.

I

Plaintiff first contends the action should have been dismissed due to lack of personal jurisdiction over plaintiff. A state court may assert jurisdiction over a nonresident respondent and bind him by its judgment when the following elements exist: (1) a

statutory ground for the exercise of jurisdiction over his person; (2) proper service of process; and (3) such minimum contacts with the state that it is fair to require him to defend within the state. *Dillon v. Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977); *Russell v. Tenore*, 55 N.C. App. 84, 284 S.E. 2d 521 (1981). Finding the presence of each of these elements, we conclude North Carolina acquired personal jurisdiction over plaintiff.

[1]  (1) *Statutory ground and service of process.* Initially we note that the purpose of URESA is to enforce terms of a support order or agreement already adjudicated in another forum. It is the application of full faith and credit by a sister state to the decrees of the state of original jurisdiction. The issues have been resolved; the obligation fixed, and only enforcement is pending — whether in the state of original jurisdiction or this state.

The proper registration of the Georgia orders in North Carolina is not contested in this appeal. G.S. 52A-30(a) provides that "[u]pon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this State." Personal jurisdiction is not a requisite for registration of an order under G.S. 52A-29. *Pinner v. Pinner*, 33 N.C. App. 204, 234 S.E. 2d 633 (1977). But registration does have "the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating or staying as a support order of this State and may be enforced and satisfied in like manner." G.S. 52A-30(a). The obligor is further protected by G.S. 52A-30(b) which grants him twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not do so, the registered support order is confirmed.

The duties of support are enforced as set out in G.S. 52A-9. Because the State has an interest in the welfare and support of those persons living within its boundaries, the statute is broad in granting authority to bring suit for support, and grants authority to the official who prosecutes criminal actions for the State to appear on behalf of the obligee, although the action may also be brought by another.

We do not believe the Legislature intended to limit the effect of this statute to obligors residing in this State. It has been the law of the land prior to this statute that foreign judgments may

be domesticated in any state when proper jurisdiction and venue were present. Rather we believe the Legislature intended to extend the obligations of an obligee without the suit for domestication of a foreign judgment when proper jurisdiction is present. In effect, URESA is an extension of the court of original jurisdiction for the purpose of enforcement of judgments lawfully rendered. Chapter 52A does not establish additional grounds for support; it produces additional means of enforcing support obligations already established. *Blake v. Blake*, 34 N.C. App. 160, 237 S.E. 2d 310 (1977).

Since the statute is directed toward the enforcement of an existing judgment, no new suit need be commenced as in the domestication of foreign judgments. Once proper registration was accomplished, the Georgia order became the order of the North Carolina court and subject to enforcement in the same manner as a North Carolina order.

[2] G.S. 50-13.4(f)(4) provides for garnishment, as provided in Article 35 of Chapter 1 of the General Statutes, as a remedy for the enforcement of child support orders. The proper process for garnishment when a responsible parent is under court order to provide child support is by motion. G.S. 110-136(b). A motion is not the commencement of an action requiring a service of summons. See G.S. 1A-1, Rule 3, 4(a).

The defendant herein filed a motion in the cause for garnishment, and service of said motion is proper process without the need of beginning a new action. URESA provides proper statutory grounds for the exercise of jurisdiction and service of process was proper.

[1] (2) *Minimum contacts.* The record reveals the following: The plaintiff volunteered for the armed services and was assigned to duty at Fort Bragg. He brought his wife and two sons to North Carolina where they lived in 1972 and 1973. He purchased a home in Fayetteville in which the family lived. In 1973 plaintiff was assigned to Georgia on temporary duty, but his family continued to live in North Carolina. A separation ensued between husband and wife, and the wife initiated the proceedings which are the bases for the judgments entered herein in Georgia. However, her residence remained in this State. After the husband and wife were divorced, the wife and children continued to live in North

Carolina. Husband came to the State on two occasions to visit with his children, and on one occasion was arrested under a warrant for child support initiated by his wife. We conclude the sum of such contacts to be sufficient to require the plaintiff to defend this lawsuit. The arrearages due wife are in the nature of a claim of injury to property of the defendant and as such provide grounds for personal jurisdiction under the long-arm statute. See *Brown v. Brown,* 47 N.C. App. 323, 267 S.E. 2d 345 (1980). (This case involved a claim for alimony, but the same reasoning applies to child support cases.)

[3]    Lastly, plaintiff contends the action should be dismissed for lack of subject matter jurisdiction. We disagree. URESA shall not apply to pending litigation including proceedings which have been initiated in a state other than North Carolina. 1975 N.C. Session Laws, Chapter 656, § 2. However, defendant's order of support was entered in Georgia in 1973, and prior to 1 October 1975. The registration provisions of URESA apply so as to allow enforcement in North Carolina of foreign state support orders entered prior to 1 October 1975. Transfer of the order to North Carolina was a ministerial act ancillary to the entry of original judgment. This assignment of error is overruled.

The decision of the trial court is

Affirmed.

Judges WEBB and WHICHARD concur.