DEBRA C. CLOER, Plaintiff v. VICKIE H. SMITH, Defendant

No. COA98-601

(Filed 16 March 1999)

## 1. Discovery— compelling second deposition—cost of first deposition—sanction

The trial court had express authority pursuant to Rule 37 to enter an order compelling defendant to undergo another deposition and had inherent authority to sanction defendant by ordering her to reimburse plaintiff for the cost of her first deposition where the deposition transcript supports a finding by the trial

court that counsel for defendant refused to allow defendant to answer some questions and in other instances told defendant what to say. N.C.G.S. § 1A-1, Rule 37.

**2. Pleadings— compulsory counterclaim—independent action—amount exceeding magistrate's jurisdiction—filing with appeal to district court**

Plaintiff tenant's action to recover damages for improper exercise of the summary ejectment remedy was a compulsory counterclaim in defendant landlord's summary ejectment action. However, since plaintiff sought damages in excess of the jurisdictional amount established by N.C.G.S. § 7A-210(1), plaintiff's action could not have been pleaded as a compulsory counterclaim to defendant's summary ejectment action while it was before the magistrate but should have been filed with the appeal from the magistrate's decision to the district court.

**3. Pleadings— compulsory counterclaim—independent action—dismissal or stay**

Where plaintiff filed a compulsory counterclaim for improper exercise of the summary ejectment remedy as an independent action in the superior court during the pendency of defendant's prior summary ejectment action in the district court, and defendant's motion for summary judgment informed the trial court that the summary ejectment action was pending in the district court, the trial court should have treated defendant's motion as being pursuant to Rule 13 and either dismissed or stayed plaintiff's action under Rule 13. N.C.G.S. § 1A-1, Rule 13.

Appeal by plaintiff from judgment filed 23 October 1997 and from order filed 23 October 1997 by Judge Beverly T. Beal in Caldwell County Superior Court. Heard in the Court of Appeals 12 January 1999.

*Wilson, Palmer & Lackey, P.A., by W.C. Palmer and Timothy J. Rohr, for plaintiff-appellant.*

*Michael P. Baumberger, for defendant-appellee.*

GREENE, Judge.

Debra C. Cloer (Cloer) appeals from the trial court's entry of summary judgment in favor of Vickie H. Smith (Smith) and from the trial court's order sanctioning Cloer.

**CLOER v. SMITH**

[132 N.C. App. 569 (1999)]

Smith, who operates a tanning and hair salon, leased the adjoining business space to Cloer on 10 December 1996. The lease agreement provided that the "premises shall be used only as [a] NAIL SALON." Cloer subsequently began a tanning bed business on the premises, and Smith terminated the lease. When Cloer failed to vacate the premises, Smith instituted summary ejectment proceedings against Cloer. On 18 April 1997, a magistrate found that Smith had "proved the case by the greater weight of the evidence" and ordered that Cloer "be removed from and [Smith] be put in possession of the premises described in the complaint." Cloer appealed this order to District Court.

On 22 July 1997, while Cloer's appeal of the summary ejectment action was pending in District Court, Cloer filed a complaint for damages in Superior Court alleging that Smith had "improper[ly] exercise[d] . . . the remedy commonly called 'Summary Ejectment,' " and that Smith had "locked [Cloer] out of the premises which [Cloer] has the right to occupy pursuant to the Lease."

On 8 September 1997, pursuant to notice, counsel for Smith attempted to depose Cloer. Excerpts indicative of the deposition follow:

[Counsel for Smith]: What is that?

[Counsel for Cloer]: Objection. It's a piece of paper, isn't it?

[Cloer]: Piece of paper.

. . . .

[Counsel for Smith]: All right. Did you read [the lease] before you signed it?

[Cloer]: Yes, I did.

[Counsel for Smith]: All right. What did [the lease] mean to you?

[Counsel for Cloer]: Objection. Sir, it doesn't mean—it doesn't matter what it means to her. What is important is what it means with regard to the law. And what—What it means to her is irrelevant.

[Counsel for Smith]: Ms. Cloer, would you answer the question, please.

[Counsel for Cloer]: You're not required to answer that.

[Cloer]: I refuse to answer that.

[Counsel for Smith]: You refuse to answer the question?

[Cloer]: Yes. Because I'm not required to answer it.

. . . .

[Counsel for Smith]: What did you-all talk about, Ms. Cloer?

[Counsel for Cloer]: I object to it.

[Counsel for Smith]: Are you instructing her not to answer?

[Counsel for Cloer]: No, no, but I'm telling you that—

[Counsel for Smith]: Ms. Cloer, you may answer the question.

(Counsel [for Cloer] conferred with [Cloer].)

[Cloer]: Yes, we talked about it. And the discussion was that whenever I talked with her about renting the building, that I had—She asked me what I had in my shop at the time at the other—the old location. I told her we had a tanning bed and what we did.

Smith ended the deposition and moved for sanctions against Cloer for discovery violations and for an order requiring Cloer to answer questions at a future deposition. After a hearing, the trial court found that "[C]ounsel for [Cloer] substantially disrupted [the] deposition in that . . . [he] . . . refused to allow his client to answer questions; . . . [and] upon at least some . . . occasions, [counsel for Cloer] told [Cloer] what to say." Based on these and other findings, the trial court concluded:

[T]he above . . . constitute[s] a failure of [Cloer] to answer the questions under Rule 37(a)(2); that the answers to many of the questions did not constitute the testimony of [Cloer]; and that the actions of [Cloer] and her counsel rendered the deposition unfit for use at the time of trial . . . .

Accordingly, the trial court ordered Cloer to pay the cost of the deposition and "to give her deposition, without prompting by counsel, upon proper notice by [Smith]."

On 23 September 1997, Smith moved in Superior Court for summary judgment on Cloer's claims. In her motion, Smith "refer[red] the Court to the pleadings of this action, File No. 97-CvD-626 entitled 'Vickie H. Smith vs. Debbie Cloer' which is presently pending in the District Court of Caldwell County." The trial court granted summary

CLOER v. SMITH

[132 N.C. App. 569 (1999)]

judgment on 23 October 1997. Cloer appealed from both the order sanctioning her and from summary judgment in favor of Smith.

The issues are whether: (I) the trial court abused its discretion in sanctioning Cloer for discovery violations; and (II) Cloer's action is a compulsory counterclaim to Smith's prior summary ejectment action.

I

[1] Deposition examination "may proceed as permitted at the trial under the provisions of Rule 43(b)." N.C.G.S. § 1A-1, Rule 30(c) (Supp. 1997). "All objections . . . shall be noted upon the deposition . . . . Subject to any limitations imposed by orders [of the court], evidence objected to shall be taken subject to the objections." *Id.* If a party "fails to answer a question propounded" during the deposition, "the discovering party may move for an order compelling an answer." N.C.G.S. § 1A-1, Rule 37(a)(2) (1990). Rule 37 gives the trial court express authority to compel discovery and to sanction a party for abuse of the discovery process. N.C.G.S. § 1A-1, Rule 37 (providing, in subsection (a)(4), that the trial court "shall . . . require the party or deponent whose conduct necessitated the motion [to compel] or the party advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust"). The trial court also retains inherent authority to impose sanctions for discovery abuses beyond those enumerated in Rule 37. *Green v. Maness*, 69 N.C. App. 292, 299, 316 S.E.2d 917, 922 (referring to the trial court's "inherent authority to regulate trial proceedings"), *disc. review denied*, 312 N.C. 622, 323 S.E.2d 922 (1984). Sanctions imposed by the trial court will not be overturned absent a showing of abuse of discretion. *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995).

In this case, the deposition transcript supports the trial court's findings that counsel for Cloer refused to allow Cloer to answer some questions, and, in other instances, "told [Cloer] what to say."[1] The trial court therefore had express authority, pursuant to Rule 37, to enter an order compelling Cloer to undergo another deposition to answer Smith's questions, and likewise had inherent authority to

---

1. Cloer contends that Smith waived the right to sanctions by failing to object during the deposition to the discovery violations; however, our review of the transcript reveals that Smith repeatedly noted objections to the conduct of Cloer and Cloer's attorney.

sanction Cloer by ordering her to reimburse Smith for the cost of the first deposition. Accordingly, no abuse of discretion has been shown.

## II

[2] An action must generally be brought, if at all, as a compulsory counterclaim in a pending action if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." N.C.G.S. § 1A-1, Rule 13(a) (1990); *see also Wood v. Wood*, 60 N.C. App. 178, 181, 298 S.E.2d 422, 423 (1982) (holding that failure to raise compulsory counterclaims during a pending action bars a subsequent action on those claims). To determine whether a claim arises out of the same transaction or occurrence as a prior claim, the court must consider: "(1) whether the issues of fact and law are largely the same; (2) whether substantially the same evidence is involved in each action; and (3) whether there is a logical relationship between the two actions." *Brooks v. Rogers*, 82 N.C. App. 502, 507-08, 346 S.E.2d 677, 681 (1986); *Apartments, Inc. v. Landrum*, 45 N.C. App. 490, 494, 263 S.E.2d 323, 325 (1980) (holding that the defendant's summary ejectment action was not a compulsory counterclaim to the plaintiff's prior breach of contract, unfair and deceptive trade practices, and federal section 1983 action because the actions had no logical relationship to each other).

In this case, Smith's action for summary ejectment is based on the assertion that Cloer breached the lease agreement. Cloer's action is based on assertions that Smith "improper[ly] exercise[d] . . . the remedy commonly called 'Summary Ejectment,' " and that Smith locked Cloer out of the leased premises, which she had "the right to occupy." The issues of law and fact are therefore largely the same in both actions, both require substantially the same evidence for their determination, and the actions are logically related. Although Cloer seeks damages as a remedy and Smith seeks injunctive relief, both actions rise and fall with the determination of whether Cloer breached the lease. Cloer's action is therefore a compulsory counterclaim in the summary ejectment action filed by Smith.

Cloer's action sought damages in an amount in excess of $10,000.00, however, and therefore could not have been pleaded as a compulsory counterclaim to Smith's summary ejectment action while it was before the magistrate. *See* N.C.G.S. § 7A-219 (1995) ("No counterclaim . . . which would make the amount in controversy exceed the

CLOER v. SMITH

[132 N.C. App. 569 (1999)]

jurisdictional amount established by G.S. 7A-210(1) is permissible in a small claim action assigned to a magistrate."); N.C.G.S. § 7A-210(1) (1995) (setting jurisdictional amount of a small claim action at $3,000.00). Instead, Cloer was required to file this action, if at all, with her appeal from the magistrate's decision to the district court. *See* N.C.G.S. § 7A-220 (1995) ("[O]n appeal from the judgment of the magistrate for trial de novo before a district judge, the judge shall allow appropriate counterclaims . . . ."); 1 G. Gray Wilson, *North Carolina Civil Procedure* § 13-1, at 256 (2d ed. 1995) ("On appeal from a magistrate for a trial *de novo* before a district judge, appropriate counterclaims and crossclaims may be asserted for the first time."). Where a compulsory counterclaim is filed as an independent action during the pendency of the prior action, as Cloer's action was in this case, it "must be dismissed with leave to file it as a counterclaim in the prior action or stayed until final judgment has been entered in that action." *Atkins v. Nash,* 61 N.C. App. 488, 493, 300 S.E.2d 880, 883 (1983). The option to stay the second action (*i.e.,* the action which should have been brought as a compulsory counterclaim to the first action) "should be reserved for unusual circumstances." *Brooks,* 82 N.C. App. at 507, 346 S.E.2d at 681 (noting that the purpose of Rule 13 is to promote judicial economy).

**[3]** In this case, Smith's motion for summary judgment informed the trial court that the summary ejectment action was "presently pending" before the District Court. The trial court therefore should have treated Smith's motion as a motion pursuant to Rule 13. *Atkins,* 61 N.C. App. at 493, 300 S.E.2d at 883 (holding that a motion to dismiss due to the pendency of a prior action is to be treated as a motion under Rule 13). Because the trial court granted summary judgment rather than dismissing or staying the action pursuant to Rule 13, the order of the trial court must be vacated.[2]

Order to Compel and for Sanctions: Affirmed.

Summary Judgment: Vacated and Remanded.

Judges JOHN and HUNTER concur.

---

2. If Smith's summary ejectment action is no longer pending and the trial court addresses the merits of Cloer's claim, it must consider whether the disposition of Smith's action bars Cloer's claims on *res judicata* grounds (if Smith raises *res judicata* as a defense). *See, e.g., Wood,* 60 N.C. App. at 180-81, 298 S.E.2d at 423 (discussing the applicability of the doctrine of *res judicata* to claims which should have been asserted as compulsory counterclaims).