Bldg. Ctr., Inc. v. Carter Lumber, Inc., 2017 NCBC 84.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 4186

THE BUILDING CENTER, INC.,

Plaintiff,

v.

CARTER LUMBER OF THE NORTH,
INC., a North Carolina Corporation,
CARTER LUMBER OF THE SOUTH,
INC., a South Carolina Corporation,
and TIMOTHY HURD,

Defendants.

**ORDER ON PLAINTIFF'S MOTION
FOR DISCOVERY SANCTIONS**

THIS MATTER comes before the Court upon Plaintiff The Building Center, Inc.'s ("Plaintiff") Motion for Discovery Sanctions ("Motion for Sanctions") against Defendant Carter Lumber, Inc. ("Carter Lumber") pursuant to Rule 37 of the North Carolina Rules of Civil Procedure ("Rule(s)") and the Case Management Order filed by this Court on June 7, 2016.

On December 30, 2016, six days before the start of scheduled depositions, Carter Lumber produced to Plaintiff an electronic file consisting of approximately 290,000 pages purporting to be the complete email files of a number of Carter Lumber employees (the "Electronic File"). The Electronic File contained large numbers of documents not relevant to the claims in this lawsuit and corrupted files. Carter Lumber produced the Electronic File without the metadata necessary to review the files. Plaintiff claims that this "data dump" was for the improper purpose of harassing and impeding Plaintiff in the discovery process. Plaintiff claims that it incurred additional costs in excess of $20,000 reviewing the Electronic File.

Carter Lumber, on the other hand, claims that it cooperated fully throughout the discovery process and produced files in the format requested by Plaintiff. Carter Lumber also contends that Plaintiff made no meaningful effort to try and resolve the matter with Carter Lumber before filing the Motion for Sanctions.

THE COURT, having considered the Motion for Sanctions, the briefs and evidentiary materials filed in support of and in opposition to the Motion, and the arguments of counsel at the hearing, concludes that the Motion for Sanctions should be GRANTED, in part, and DENIED, in part, for the reasons below.

## A. Factual and Procedural Background

1. The general facts and procedural background of this case are set out in the Court's Opinion and Order on Defendants' Motion for Summary Judgment (ECF No. 45,) and are not repeated here. Only the facts necessary to resolution of the Motion for Sanctions are recited herein.

2. On June 6, 2016, the parties jointly filed a proposed Case Management Order (the "Proposed CMO"). (ECF No. 14.) The Proposed CMO contained an agreed-upon format for the production of electronic data and did not contain language anticipating the need for cost-shifting. Instead, the parties agreed to "cooperate as needed in modifying the [electronic discovery requirements in the CMO] to facilitate the efficient exchange of electronic records." (ECF No. 14 at ¶ 6.)

3. The Proposed CMO also expressly recognized that the North Carolina Rules of Civil Procedure continued to apply. (ECF No. 14 at ¶ I (A).) The Proposed

CMO set a deadline of January 3, 2017 for the completion of fact discovery. (ECF No. 14 at ¶ IV(B).).

4. Also on June 6, 2016, the Court held a hearing on Defendants' Motion to Dismiss. (ECF No. 6.)

5. On June 7, 2016, the Court entered a Case Management Order ("CMO"). The CMO adopted the parties' proposals regarding electronic discovery. The CMO also accepted the parties' agreed-upon deadline of January 3, 2017 for the completion of fact discovery. (ECF No. 15 at ¶ III (A).)

6. Despite the discovery deadline in the CMO, the parties privately agreed that they would not conduct discovery until the Court had ruled on Defendants' Motion to Dismiss. The parties did not request a stay of the discovery period or seek guidance from the Court regarding suspending their discovery efforts.

7. On October 21, 2016, the Court issued an Opinion and Order denying Defendants' Motion to Dismiss. (ECF No. 19.) The parties thereafter began discovery efforts in earnest.

8. Plaintiff served its first set of Interrogatories and Request for Production of Documents on May 5, 2016. Despite Plaintiff's repeated requests, Carter Lumber did not respond to Plaintiff's request for documents until November 22, 2016. (Plaintiff's Mot. for Sanctions, ECF No. 26, at ¶ 2.) Plaintiff produced its first set of discovery responses on November 28, 2016. (Aff. of Stephen J. Dunn, ECF No. 31 at ¶ 17.)

9.      On December 23, 2016, the Court extended the deadline for completion of fact discovery until January 17, 2017. The parties subsequently agreed to complete their respective productions of documents by December 30, 2016. (ECF No. 26 at ¶ 3.)

10.     On December 30, 2016, six days before the scheduled start of depositions, Carter Lumber produced the Electronic File. The Electronic File contained 107,394 documents, which amounted to 289,112 pages. (ECF No. 26 at ¶ 4; Pl.'s Br. Supp. Mot. Sanctions, ECF No. 27 at p. 2.) The Electronic File contained the entire contents of the email accounts of six Carter Lumber employees and was not limited or culled in any way to include only relevant and responsive documents. Plaintiff submitted to the Court as exhibits parts of the contents of the Electronic File containing examples of irrelevant and unresponsive documents, including advertisements, LinkedIn updates, news stories, Amazon purchases, and personal communications.

11.     In the days following the December 30, 2016 production, the parties exchanged a flurry of increasingly contentious emails, all submitted as exhibits relating to this Motion for Sanctions. The scheduled depositions on January 5, 6, and 9 proceeded as planned. (ECF No. 31 at ¶ 62.) Plaintiff cancelled the scheduled deposition of Carter Lumber's 30(b)(6) representative, during which Carter Lumber's preservation and delivery of electronic data was set to be discussed. (ECF No. 31 at ¶ 64-66.)

12.     On January 17, 2017, Plaintiff emailed the Court initiating the process provided in BCR 10.9 seeking sanctions against Carter Lumber under Rule 37.

Following a telephone conference between the Court and counsel for the parties, the Court advised Plaintiff that it would need to file a motion in order to pursue its request for sanctions. Plaintiff filed their Motion for Sanctions on March 20, 2017.

13. Carter Lumber filed its Response on April 7, 2017. Plaintiff filed its Reply on April 20, 2017. The Motion is ripe for determination.

**B. Analysis**

14. "Rule 37 gives the trial court express authority. . . to sanction a party for abuse of the discovery process." *Cloer v. Smith*, 123 N.C. App. 569, 573, 512 S.E.2d 779, 781 (1999). Rule 37(b) is flexible by design, in order to provide "broad discretion . . . to the trial judge with regard to sanctions." *American Tel. & Tel. Co. v. Griffin*, 39 N.C. App. 721, 727, 251 S.E.2d 885, 888 (1979); *see also Out of the Box Developers, LLC v. LogicBit Corp.*, 2014 NCBC LEXIS 7, *2 (2014). To that end, trial courts have "inherent authority to impose sanctions for discovery abuses beyond those enumerated in Rule 37." *Cloer*, 123 N.C. App. at 573, 512 S.E.2d at 782.

15. Rule 34 governs the production of documents and electronically stored information during discovery. Rule 26(b)(1) provides that "the phrase 'electronically stored information' includes reasonably accessible metadata that will enable the discovering party to have the ability to access such information as the date sent, date received, author, and recipients." "Metadata includes information about the document or file that is recorded by the computer to assist in storing and retrieving the document file . . . . includ[ing] file designation, create and edit dates, authorship, comments, and edit history." Rule 26 (Comment to the 2011 Amendment).

16. Carter Lumber did not review the electronic file to ensure it was limited to relevant and responsive documents. Rule 34(b) allows parties requesting discovery of electronically stored information to specify the individual items and/or categories of items to be inspected "with reasonable particularity" as well as specify the form of production. Rule 34(b) additionally states that the only proper forms of response are "(1) permission of inspection as requested; or (2) objection to the request with the reasons for the objection based on the contents of the document(s) or the fact that the identified information is "not reasonably accessible because of undue burden or cost." The statute does not allow a party to produce large un-reviewed and un-culled electronic files to another party, at least not without notifying that party of its intent to do so. At a minimum, Carter Lumber's conduct here violated the spirit of Rules 26 and 34.

17. In addition, Carter Lumber did not provide the necessary metadata that would allow Plaintiff to effectively search through the massive electronic file and discover the relevant information requested. This is a direct violation of Rule 26(b)(1).

18. Other courts have likewise held that a "data dump" of the type that occurred here is an abuse of the discovery process. *See, e.g., ReedHycalog UK, Ltd. v. United Diamond Drilling Servs.*, No. 6:07-CV-251, 2008 U.S. Dist. LEXIS 93177, at *9 (E.D. Tex. Oct. 3, 2008) ("Thus, a producing party may not bury those relevant documents in the hope that opposing counsel will overlook the proverbial 'smoking gun' as he wades through an ocean of production.").

19.     The Court concludes that Carter Lumber's production of an un-reviewed 290,000 page electronic file containing large amounts of irrelevant and unresponsive documents, and without the necessary metadata, was an abuse of the discovery process and violated the spirit and letter of the Rules of Civil Procedure.

20.     Nevertheless, after carefully considering the evidence provided by the parties and their arguments, the Court concludes that both parties share the blame for creating the situation that led to Carter Lumber's production. It seems clear to the Court that counsel did not engage in a thorough discussion of the potential for difficulties with electronic production with one another during the Case Management Conference, and that Carter Lumber's counsel did not adequately consult with his client about its ability to produce electronic information in the format required under the CMO. (*See* former Business Court Rules 17.1(i) and (r-u)).[1]

21.     Additionally, counsel failed to pursue discovery for over four months while they waited for the Court's determination of Defendants' Motion to Dismiss. This was done without Court approval or input. That delay left the parties with an unnecessarily compressed time within which to conduct discovery after the Court issued its order.

22.     Accordingly, the Court concludes, in its discretion, that Plaintiff and Carter Lumber should share equally the additional cost incurred by Plaintiff as a result of Carter Lumber's production of the Electronic File.

---

[1] The Case Management Conference between counsel occurred prior to January 1, 2017, under the prior Business Court Rules.

23.     Plaintiff contends that because of the form in which it was produced, Plaintiff incurred costs "in excess of $20,000" more than it would have otherwise incurred in reviewing the Electronic File. (Pl.'s Mem. Supp. Mot. Sanctions, ECF. No. 27 at p. 4.) Plaintiff, however, has not provided the Court with information regarding the nature of, or documentation supporting, the additional costs. Therefore, on or before October 5, 2017, Plaintiff shall file with the Court appropriate affidavits and other documentation of its costs from which the Court will determine each parties' one-half share. Carter Lumber shall not be allowed to file a response to Plaintiff's filing, but the amount of Carter Lumber's liability for costs shall not exceed $10,000.

THEREFORE, it is ORDERED that:

1. The Motion for Sanctions is GRANTED, in part, and DENIED, in part. Carter Lumber shall pay one-half of the additional costs incurred by Plaintiff in reviewing the Electronic File, not to exceed $10,000.

2. On or before October 5, 2017, Plaintiff shall file with the Court affidavits and other documentation supporting its claim for additional costs. Carter Lumber shall not be permitted to file a response.[2]

This the 21st day of September, 2017.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases

---

[2] To the extent Plaintiff seeks an award of attorneys' fees and costs associated with bringing the Motion for Sanctions, such request is DENIED.