<hr/>


EDWIN E. FICKLEY, DONALD F. SMITH, AND CORAL R. SMITH, PLAINTIFFS V. GREYSTONE ENTERPRISES, INC., DAVID OSTEEN AND CONNIE OSTEEN, DEFENDANTS

No. COA99-1211

(Filed 3 October 2000)

**Collateral Estoppel and Res Judicata— res judicata—claim preclusion—compulsory counterclaims—opportunity to assert in appeal from magistrate's judgment**

The trial court did not err by granting defendants' renewed motions for directed verdict on the retaliatory eviction and unfair trade practices claims in a second action based on res judicata after a summary ejectment proceeding, because: (1) plaintiffs should have asserted their rights in the summary ejectment proceeding by way of a compulsory counterclaim since the determinative question in both actions is whether plaintiffs breached their respective lease agreements making defendants' termination of the lease agreements valid; and (2) even though plaintiffs could not have asserted this action as a compulsory counterclaim to the summary ejectment proceeding while it was before the magistrate since plaintiffs seek damages in excess of the $3,000 jurisdictional amount in small claims actions under N.C.G.S. § 7A-210(1), plaintiffs had the opportunity to file retaliatory eviction as a counterclaim under N.C.G.S. § 1A-1, Rule 13 in an appeal from the magistrate's judgment. N.C.G.S. § 7A-219.

Appeal by plaintiffs from judgment entered 15 March 1999 by Judge Robert P. Johnston in Henderson County Superior Court. Heard in the Court of Appeals 23 August 2000.

*John E. Tate, Jr. for the plaintiff-appellants.*

*Prince, Youngblood & Massagee, by Boyd B. Massagee, Jr., for the defendant-appellees.*

FICKLEY v. GREYSTONE ENTERS., INC.

[140 N.C. App. 258 (2000)]

LEWIS, Judge.

Effective appellate review of this case was made more difficult by the filing of an incomplete record on appeal. The parties' exhibits, which were necessary to an understanding of appellants' assignments of error, were not included in the record in this case. The Rules of Appellate Procedure require appellants to present complete records as necessary to understand the errors assigned. N.C.R. App. P. 9(a)(1)(e),(j). We could have dismissed this appeal for failure to comply with the Rules of Appellate Procedure. N.C.R. App. P. 25(b); 34(b)(1). However, we waived the violation pursuant to Appellate Rule 2, obtaining most of these documents through numerous contacts with counsel by the Clerk of this Court. We caution all appellants in the future to be more diligent in complying with the Rules of Appellate Procedure.

Plaintiff Edwin Fickley ("Fickley") and plaintiffs Donald and Coral Smith ("the Smiths") purchased double wide manufactured homes from defendant Greystone Enterprises, Inc. ("Greystone") in 1992 and 1988, respectively. Fickley and the Smiths leased lots for their manufactured homes in Greystone Subdivision, a residential rental community owned by Greystone. Both lease agreements provided that "[i]tems excluded and forbidden from Greystone [subdivision] shall include . . . 'For Sale,' 'For Rent' and other signs used for advertising purposes." Fickley and the Smiths subsequently placed "For Sale" signs on their respective leased premises, and defendants terminated both leases. When the plaintiffs failed to vacate the respective premises, on 25 May 1993, Greystone instituted two summary ejectment proceedings against them. On 3 June 1993 the magistrate entered a judgment for summary eviction in both proceedings.

Neither Fickley nor the Smiths properly perfected an appeal for de novo review in district court from the magistrate's judgment. Instead, plaintiffs instituted this action for damages ("second action") on 27 November 1996 in superior court against Greystone, David Osteen, president of Greytone, and Connie Osteen, vice-president of Greystone, ultimately asserting claims for retaliatory eviction and unfair trade practices. Specifically, plaintiffs alleged defendants evicted them as a result of "animosity" arising from plaintiffs' participation in the Greystone subdivision homeowners' association and for placing "For Sale" signs on their leased premises. In their answer, defendants asserted as affirmative defenses that the claims in the second action were compulsory counterclaims under Rule 13(a) and thus barred by the doctrine of res judicata.

At trial, the court submitted the retaliatory eviction and unfair trade practices claims to the jury, which was unable to reach a unanimous verdict. The court declared a mistrial and subsequently conducted a hearing on defendant's renewed motion for directed verdict, which the court granted. Plaintiffs appeal.

Plaintiffs contend the trial court erred in granting defendants' renewed motion for directed verdict on the basis that sufficient evidence supported each claim. Defendants maintain the court properly dismissed plaintiffs' claims since, pursuant to their asserted affirmative defenses, the claim for retaliatory eviction was a compulsory counterclaim which should have been asserted in the prior summary ejectment proceeding. Defendants argue plaintiffs are thereby precluded by the doctrine of res judicata from asserting either of the claims in the second action. We agree.

Where a defendant establishes an affirmative defense as a matter of law, there are no issues to submit to a jury and a plaintiff has no right to recover. Directing a verdict for the defendant in such a situation is appropriate. *Goodwin v. Investors Life Insurance Co. of North America*, 332 N.C. 326, 329, 419 S.E.2d 766, 768 (1992). Under the doctrine of res judicata:

> Where a second action or proceeding is between the same parties as the first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all matters which could properly have been litigated and determined in the former action or proceeding.

*Young v. Young*, 21 N.C. App. 424, 204 S.E.2d 711 (1974) (citations omitted).

We conclude plaintiffs should have asserted their rights in the summary ejectment proceeding by way of a compulsory counterclaim. Generally, a counterclaim is compulsory if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." N.C.R. Civ. P. 13(a). To determine whether a claim arises out of the same transaction or occurrence as a prior claim, the court must consider: "(1) whether the issues of fact and law are largely the same; (2) whether substantially the same evidence is involved in each action; and (3) whether there is a logical relationship between the two

actions." *Cloer v. Smith*, 132 N.C. App. 569, 574, 512 S.E.2d 779, 782 (1999) (quoting *Brooks v. Rogers*, 82 N.C. App. 502, 507-08, 346 S.E.2d 677, 681 (1986)).

Here, the action for summary ejectment was based on the assertion that plaintiffs violated the terms of their respective lease agreements with Greystone. The second action is based on allegations that defendants terminated their lease agreements in retaliation for certain of plaintiffs' actions and exercised the remedy of summary ejectment in an effort to deprive plaintiffs of their investment. Although in the second action Fickley and the Smiths seek damages, and in the summary ejectment action, defendants sought injunctive relief, the determinative question in both actions is whether Fickley and the Smiths breached their respective lease agreements, making defendants' termination of the lease agreements valid. Because the issues of fact and law are largely the same, substantially the same evidence is involved in both and the actions are logically related, the second action was a compulsory counterclaim in the summary ejectment action filed by defendants. *See also Cloer*, 132 N.C. App. at 574, 512 S.E.2d at 782.

In the second action, however, plaintiffs seek damages in excess of $10,000, which exceeds the $3,000 jurisdictional amount in small claims actions pursuant to the provisions of N.C. Gen. Stat. § 7A-210(1) at the time the second action was filed. Accordingly, plaintiffs could not have asserted this action as a compulsory counterclaim to the summary ejectment proceeding while it was before the magistrate. N.C. Gen. Stat. § 7A-219 (1999) ("No counterclaim . . . which would make the amount in controversy exceed the jurisdictional amount established by G.S. 7A-210(1) is permissible in a small claim action assigned to a magistrate.") Instead, plaintiffs were required to file the action, if at all, in an *appeal* from the magistrate's decision to the district court. N.C. Gen. Stat. § 7A-220 (1999) ("On appeal from the judgment of the magistrate for a trial de novo before a district judge, the judge shall allow appropriate counterclaims . . . ."); *see also Cloer*, 132 N.C. App. at 574-75, 512 S.E.2d at 782-83 (counterclaim for an amount in excess of $10,000 would have been properly filed on appeal from the judgment of a magistrate to district court).

Rule 13 requires a party to assert as a counterclaim any claim arising out of the same transaction or occurrence as the pending action, "at peril of being barred" from asserting the claim in a separate action. Comment, N.C.R. Civ. P. 13 (1999). Because plaintiffs had

the opportunity to file retaliatory eviction as a counterclaim in an appeal from the magistrate's judgment, the doctrine of res judicata barred plaintiffs from asserting either the underlying retaliatory eviction claim or the unfair trade practices claim in the second action. *See, e.g., Furr v. Noland,* 103 N.C. App. 279, 281, 404 S.E.2d 885, 886 (1991).

In their remaining assignments of error, plaintiffs contend the court erred in refusing to submit several issues to the jury. However, by directing a verdict in favor of defendants, the action was completely removed from the jury's consideration. Plaintiffs' contentions surrounding the court's refusal to submit issues to the jury are thereby rendered moot, and we will not address them.

Affirmed.

Judges WALKER and HUNTER concur.