NO. COA14-214

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

FELICIA RENEE CROGAN,

    Plaintiff,

v.                                        Granville County
                                          No. 12 CVD 744

JON BRENT CROGAN,

    Defendant.


Appeal by plaintiff from order entered 24 September 2013 by Judge Daniel F. Finch in Granville County Superior Court. Heard in the Court of Appeals 28 August 2014.

> *Dunlow & Wilkinson, P.A., by John M. Dunlow, for plaintiff-appellant.*

> *Tharrington Smith, LLP, by Jill Schnabel Jackson, for defendant-appellee.*


STEELMAN, Judge.

Where claims arose in tort, the trial court did not err in applying a three-year statute of limitations to claims for fraud, duress, and undue influence. Where plaintiff's claim for breach of contract arose pursuant to a contract under seal, the trial court erred in applying a three-year statute of limitations.

<u>I. Factual and Procedural Background</u>

Felicia Renee Crogan (plaintiff) and Jon Brent Crogan (defendant) were married on 23 March 1985. There were three children born to the marriage.

Plaintiff and defendant separated on 1 October 2004. Defendant's attorney prepared a Separation Agreement which was executed by the parties under seal and notarized on 16 November 2004. Paragraph 27 of the Separation Agreement dealt with the effect of a reconciliation of the parties upon their property settlement:

> 27. RECONCILIATION. In the event of a reconciliation and resumption of the marital relationship between the parties, the provisions hereof regarding settlement and disposition of property rights and other rights shall nevertheless continue in full force and effect without the abatement of any term or provision hereof, except as otherwise specifically provided herein or as later agreed in writing, by and between the parties. Except as otherwise provided by this Agreement or by an agreement or modification to this Agreement, performed in writing and notarized and executed by each of the parties after the date of this Agreement or the date of their reconciliation, no act on the part of either party shall serve to modify the property rights of the parties as established herein in this Agreement and the rights of the parties to the property which is transferred, set over and designated as

property of either party shall remain separate property upon a reconciliation of the parties.

On 1 October 2005, the parties reconciled and resumed their marital relationship. The parties moved to West Virginia, but separated again on 13 March 2011. The parties subsequently engaged in litigation in the Family Court of Preston County, West Virginia. This litigation involved, among other things, the distribution of the parties' marital property. That court directed the parties to have the courts of this State determine the validity of the Separation Agreement.

On 17 August 2012, plaintiff filed a verified complaint, seeking a declaratory judgment as to the status of the Separation Agreement. The complaint also sought to void the Separation Agreement based upon the alleged fraud, duress, and undue influence of the defendant. Plaintiff also asserted breach of contract, alleging that defendant materially breached the provisions of paragraph 21 of the Separation Agreement:

> 21. FULL DISCLOSURE. Each party warrants, as part of the consideration for this Agreement, that each party has fully and completely disclosed all information regarding property and finances requested by the other and that no information of such nature has been subjected to distortion, nor in any manner been misrepresented.

Plaintiff alleged that defendant falsely represented to her that the values of their respective retirement accounts were "virtually the same," when in fact the value of plaintiff's account was $31,192.99 and the value of defendant's account was about $130,000.00.

On 10 October 2012, defendant filed an answer, asserting the affirmative defenses of ratification and the statute of limitations, as well as a counterclaim for a declaratory judgment declaring the Separation Agreement to be valid and enforceable. On 7 December 2012, plaintiff filed a reply to defendant's counterclaim.

On 10 May 2013, defendant filed a motion for summary judgment. On 24 September 2013, the trial court entered summary judgment in favor of defendant, declaring that "the Separation Agreement and Property Settlement executed by the parties on November 16, 2004, is a valid and enforceable contract."

Plaintiff appeals.

## II. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of

law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

### III. Fraud, Duress, and Undue Influence

In her first argument, plaintiff contends that the trial court erred in applying a three-year statute of limitations to her claims for fraud, duress, and undue influence. We disagree.

"Under North Carolina law, there is a three-year limitation for filing an action for duress, undue influence and fraud." *Dawbarn v. Dawbarn*, 175 N.C. App. 712, 717, 625 S.E.2d 186, 190 (2006) (citing N.C. Gen. Stat. § 1-52(9) (2005)). According to N.C. Gen. Stat. § 1-52(9), the statute of limitations begins to run on an action for fraud upon discovery of the facts constituting the fraud. N.C. Gen. Stat. § 1-52(9) (2013).

The statute of limitations for plaintiff's claims for duress and undue influence began to run in 2004, when she alleges she was coerced into signing the Separation Agreement. The statute of limitations on those claims would therefore have expired in 2007.

With regard to the claim for fraud, in her complaint, plaintiff does not allege when she discovered the fraud. However, in her deposition, plaintiff admitted that she began to

manage defendant's account in "[m]aybe 2005, 2006." At that time, she would have discovered the fraud. During the hearing on summary judgment, defense counsel noted:

> She acknowledged, I believe on page 91 of the -- the -- of her deposition that she had the ability to look at the balance of his account at that time. So, my contention is that by the end of 2006, by her testimony, it was the latest, 2006, she had the ability to look at his Thrift Savings account. She had full access to his accounts and that the cause of action for fraud would have accrued no later than 2006 when she had full access to his retirement accounts. Which means, the three-year statute of limitations expired in 2009.

If plaintiff discovered the fraud in 2006, then the statute of limitations on that claim would have expired in 2009.

Plaintiff's complaint was filed in 2012, well after the statute of limitations on her claims for fraud, duress, and undue influence expired.

Plaintiff contends, however, that these actions arose pursuant to a document under seal. Plaintiff contends that, as a result, the ten-year statute of limitations in N.C. Gen. Stat. § 1-47 applies.

N.C. Gen. Stat. § 1-47(2) provides that a ten-year statute of limitations applies:

> Upon a sealed instrument or an instrument of

conveyance of an interest in real property, against the principal thereto. Provided, however, that if action on an instrument is filed, the defendant or defendants in such action may file a counterclaim arising out of the same transaction or transactions as are the subject of plaintiff's claim, although a shorter statute of limitations would otherwise apply to defendant's counterclaim. Such counterclaim may be filed against such parties as provided in G.S. 1A-1, Rules of Civil Procedure.

N.C. Gen. Stat. § 1-47(2) (2013).

Plaintiff contends that her lawsuit in the instant case is effectively a counterclaim. More specifically:

In the present case, the Plaintiff-Appellant was functioning, for all intents and purposes, as a Defendant, in that she was forced to come to the state of North Carolina to "defend" against the claim made by the Defendant-Appellee in the West Virginia litigation. Further, the Plaintiff-Appellant's claims for fraud, duress, undue influence and breach are, in essence, counterclaims asserted against the Defendant-Appellee in response to his claims asserted in the West Virginia litigation.

We find this logic baseless. We note that there is no indication in the record of whether plaintiff or defendant initiated the litigation in West Virginia; however, it is clear from the record that plaintiff initiated the instant action in North Carolina. Nothing in the record supports plaintiff's claim that she was "forced" to come to this State to "defend"

against a claim by defendant; quite to the contrary, the filing of plaintiff's complaint forced action by defendant.

We acknowledge that a counterclaim for fraud pursuant to an instrument under seal is subject to a ten-year statute of limitations. *See McGuire v. Dixon*, 207 N.C. App. 330, 338, 700 S.E.2d 71, 76 (2010) (holding that the trial court erred in applying the three-year limitations period for fraud under N.C. Gen. Stat. § 1-52(9) where the ten-year statute of limitations under N.C. Gen. Stat. § 1-47(2) applied). Duress and undue influence are "forms of fraud," under N.C. Gen. Stat. § 1-52(9). *Swartzberg v. Reserve Life Ins. Co.*, 252 N.C. 150, 156, 113 S.E.2d 270, 276-77 (1960). Under that logic, then, a counterclaim for fraud, duress, or undue influence pursuant to a document under seal should be controlled by a ten-year statute of limitations.

However, it is clear from the record before us that plaintiff's claims are not counterclaims, and thus do not involve the provisions of N.C. Gen. Stat. § 1-47(2). Thus, the three-year statute of limitations applies to plaintiff's claims for fraud, duress, and undue influence. We hold that the trial court applied the correct statute of limitations to these

claims, and did not err in granting summary judgment in favor of defendant on the issues of fraud, duress, and undue influence.

This argument is without merit.

## IV. Breach of Contract

In her second argument, plaintiff contends that the trial court erred in applying a three-year statute of limitations to her claim for breach of contract. We agree.

The Separation Agreement, executed under seal, contained a warranty of full disclosure. The Separation Agreement further provided that, in the event of reconciliation by the parties, the Separation Agreement would remain in full force. As stated above, a ten-year statute of limitations applies to an agreement under seal. N.C. Gen. Stat. § 1-47(2) (2013).

Plaintiff alleged that defendant breached the warranty of full disclosure in the Separation Agreement by misrepresenting the balance in their respective retirement accounts. Because the Separation Agreement was executed under seal, a ten-year statute of limitations, rather than the three-year statute of limitations, is applicable to plaintiff's breach of contract claim. Since this action was commenced within ten years of the execution of the Separation Agreement, it was not barred.

We hold that the trial court erred in granting summary judgment in favor of defendant on the issue of breach of the Separation Agreement.

## V. Conclusion

The trial court did not err in granting summary judgment in favor of defendant on the issues of fraud, duress, and undue influence. The trial court erred in granting summary judgment in favor of defendant on the issue of breach of the Separation Agreement. This matter is remanded to the trial court for further proceedings on the issue of breach of the Separation Agreement.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judges GEER and HUNTER, Robert N., Jr. concur.

Robert N. Hunter, Jr. concurred on this opinion prior to 6 September 2014.