STEELMAN, Judge.
The trial court did not err by granting summary judgment for defendant on the grounds that plaintiff's complaint was barred by the doctrine of res judicata.The trial court did not make improper findings of fact by reciting the procedural history of the case in its summary judgment order.
I. Factual and Procedural Background
In 2011 Kelli Luciano (plaintiff) contracted with Deborah Wyatt (defendant, individually and d/b/a/ Out of the Box Designs) to provide design work and obtain a general contractor for an addition to her house. The project was completed in September 2012. Plaintiff was interested in buying furniture from the Fable Porch Furniture Company and agreed to buy the furniture through defendant. In November 2012 the parties went to Fable Porch, where plaintiff selected furniture and defendant informed her that the cost of the furniture was $5,880.00. In December 2012 plaintiff sent defendant a check for $5,800.80, which was $72.90 less than the purchase price. Defendant deposited the check in her bank account. On 23 January 2013 plaintiff received an email from defendant's attorney stating that she owed defendant $3,083.40, which included charges for services and goods related to the work at her house and the balance due for the furniture.
On 22 February 2013 plaintiff filed a pro seComplaint for Money Owed in Catawba County small claims court, captioned 13 CVM 1199, which alleged:
I paid $5,800.80 for furniture that I did not receive. I owe $3083.40 for services. I would like to be refunded [the] $2,717.40 difference due me from Deborah Wyatt d/b/a Out of the Box Designs.
On 20 March 2013 Magistrate David Cook entered a written judgment holding that "plaintiff has failed to prove the case by the greater weight of the evidence," and ordering that her claim be dismissed with prejudice and that the costs of the action be taxed to plaintiff. Plaintiff did not appeal this judgment. Plaintiff later filed a second pro sesmall claims action against defendant. Plaintiff's second complaint, which is not in the record, was dismissed by Magistrate Margaret Rathbone on 22 May 2013, in an order stating that "judgment was entered on [20] March 2013 by Magistrate Cook," and that because plaintiff's second complaint involved the "same furniture," and concerned the "same property" the magistrate did "not have jurisdiction to rehear [the] case." Plaintiff did not appeal Magistrate Rathbone's judgment.
On 5 June 2013 defendant filed a claim of lien against plaintiff's real property, seeking $3,038.57 from plaintiff. On 13 June 2013 plaintiff received a letter from defendant warning that if plaintiff did not pay the amount she owed, defendant would retrieve the furniture from Fable Porch and sell it. Defendant took possession of the furniture on 14 June 2013.
On 26 September 2013 plaintiff, through counsel, filed a complaint in the district court of Catawba County, asserting claims for breach of contract, fraud, conversion, possession of personal property, unfair or deceptive acts or practices, and punitive damages. Although her complaint contained numerous allegations detailing the parties' interactions, all of plaintiff's claims are based on allegations that defendant agreed to sell plaintiff the furniture for ten percent (10%) above its wholesale price of $2,914.00 but had charged her $5,880.00, and that plaintiff paid $5,800.80 towards the furniture but had not received it. The allegations pertaining to defendant's allegedly overcharging her for the furniture were not included in her pro sesmall claims complaints. On 20 March 2014 defendant filed a motion for summary judgment asserting that "Plaintiff's Complaint should be dismissed on the grounds that the Plaintiff has already brought two actions based on these allegations[.]" On 9 June 2014 the trial court granted summary judgment for defendant and dismissed plaintiff's complaint with prejudice. That order recited the procedural history of the case as follows:
1. That the Plaintiff filed the current case against the Defendant on September 26, 2013.
2. That prior to the filing of this case, the Plaintiff brought two (2) other Magistrate's actions against the Defendant.
3. That in Catawba Co. File no. 13-CVM-1199, filed prior to this case (13-CVD-2495) the Plaintiff sued the Defendant stating that Plaintiff had paid for furniture she had not received and wanted to be refunded.
4. That by Judgment filed on March 20, 2013, in 13-CVM-1199, the Magistrate presiding found that the Plaintiff had failed to prove her case by the greater weight of the evidence and dismissed her action with prejudice.
5. That the Plaintiff later filed another Magistrate's action against the Defendant in Catawba Co. File no. 13-CVM-1425 which was again dismissed by the presiding Magistrate on May 22, 2013. The Magistrate stated that the case was dismissed because judgment was entered by Magistrate Cook involving the same furniture in question.
6. That the Plaintiff did not appeal from either of said rulings.
7. That the Plaintiff has filed a Rule 60 Motion in File no. 13-CVM-1199.[1]
The order also contained the following language, identified as findings of fact:[2]
8. That there are the same identities of parties in this case, as in the above prior Magistrate's actions, and the causes of action in this case derived out of the same circumstances and facts which gave rise to the Plaintiff instituting the above stated prior two actions.
9. That the instant case against the Defendant should be dismissed.
Plaintiff appeals.
II. Standard of Review
Under N.C. Gen.Stat. § 1A-1, Rule 56(c), summary judgment is properly entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." " 'Our standard of review of an appeal from summary judgment is de novo[.]' " Crogan v. Crogan,---N.C.App. ----, ----, 763 S.E.2d 163, 164 (2014) (quoting In re Will of Jones,362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (internal citation omitted). "A defendant may show entitlement to summary judgment by ... showing that the plaintiff cannot surmount an affirmative defense which would bar the claim." Carcano v. JBSS, LLC,200 N.C.App. 162, 166, 684 S.E.2d 41, 46 (2009) (quotation omitted). Defendant asserted that plaintiff's complaint was barred by the doctrine of res judicata.N.C. Gen.Stat. § 1A-1, Rule 8(c) provides that res judicatais an affirmative defense.
III. Doctrine of Res Judicata
A. Standard of Review
" 'Under the doctrine of res judicataor claim preclusion, a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies.' 'For res judicatato apply, a party must show that the previous suit resulted in a final judgment on the merits, that the same cause of action is involved, and that both the party asserting res judicataand the party against whom res judicatais asserted were either parties or stand in privity with parties.' " Williams v. Peabody,217 N.C.App. 1, 5, 719 S.E.2d 88, 93 (2011) (quoting Whitacre P'ship v. BioSignia, Inc.,358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citation omitted)). In appropriate circumstances, the doctrine of res judicatawill bar a civil action following entry of judgment by a magistrate. See Fickley v. Greystone Enters. Inc.,140 N.C.App. 258, 536 S.E.2d 331 (2000).
B. Analysis
" 'The essential elements of res judicataare: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in the prior suit and the present suit; and (3) an identity of parties or their privies in both suits.' " The pleadings are compared to determine if the causes of action in the two suits are in fact the same claim." Quets v. Needham,198 N.C.App. 241, 250, 682 S.E.2d 214, 219-20 (2009) (quoting Bryant v. Weyerhaeuser Co.,130 N.C.App. 135, 138, 502 S.E.2d 58, 61 (1998) ) (additional citation omitted). In this case, there is no dispute that plaintiff's pro sesmall claims action and her district court complaint are between the same parties, and we hold that the other elements of the doctrine of res judicataare also present.
Examination of the pleadings filed by plaintiff, and of those allegations of plaintiff's district court complaint that were admitted by defendant shows that the following facts are not disputed:
1. In 2011 the parties contracted for defendant to perform services related to improvements on plaintiff's home;
2. In November 2012 plaintiff ordered furniture from Fable Porch for which defendant quoted her a price of $5,880.00;
3. In December 2012 plaintiff made a payment towards the furniture that was $72.90 less than the purchase price;
4. In January 2013 defendant informed plaintiff that she owed a total of $3,083.40 for goods and services, including work on her house and the remainder due for the furniture,
5. In plaintiff's claim before the magistrate, she admitted owing $3,083.40 to defendant.
In plaintiff's small claim action, her theory appears to be that she could unilaterally cancel her order of the furniture and instead credit that payment against her debt to defendant. However, the magistrate's order held that plaintiff had failed to prove her case by the greater weight of the evidence, which is a final judgment on the issue of whether plaintiff was entitled to apply her partial payment towards the furniture against her debt to defendant and receive the difference. In her district court case, plaintiff's theory was that defendant had overcharged her for the furniture, entitling her to damages and possession of the furniture. Plaintiff's small claim complaint and her district court action are based on the same premise-that, although plaintiff agreed to pay for both the furniture and the work on her house, she is entitled to damages based on her partial payment for the furniture, either because she was free to cancel the order of furniture, or because defendant should have charged her a lower amount. Both plaintiff's small claim action and her district court case presented the issue of whether plaintiff was entitled to a refund on her partial payment for the furniture. We agree with the trial court that "the causes of action in [the district court] case derived out of the same circumstances and facts which gave rise to the Plaintiff instituting the [small claim action.]" " '[T]he defense of res judicatamay not be avoided by shifting legal theories or asserting a new or different ground for relief [.]' " Skinner v. Quintiles Transnational Corp.,167 N.C.App. 478, 483, 606 S.E.2d 191, 194 (2004) (quoting Rodgers Builders v. McQueen,76 N.C.App. 16, 30, 331 S.E.2d 726, 735 (1985) ). We hold that the doctrine of res judicatabarred plaintiff's district court action.
In urging us to reach a contrary result, plaintiff argues first that there was a lack of identity between the causes of action asserted in the small claim case and the district court complaint. Plaintiff bases this argument upon her contention that some of the claims in the district court complaint "were based upon conduct which was alleged to have occurred after the entry of the small claims court judgments[.]" In support of this, plaintiff directs our attention to factual allegations in her complaint that in June 2013 defendant filed a claim of lien based on the money plaintiff owed defendant; submitted an invoice to plaintiff detailing her debt; warned plaintiff that if she did not pay what she owed and sign a release, defendant would take possession of the furniture; and that defendant took possession of the furniture.
On appeal, plaintiff asserts that in her district court complaint she alleged that in June 2013 defendant had "filed an improper claim of lien against plaintiff" and "produced a fraudulent invoice for services rendered[.]" Our review of plaintiff's complaint reveals no allegations by plaintiff that the claim of lien was "improper" or that the invoice was "fraudulent." Moreover, none of plaintiff's causes of action are in any way dependent upon, or even related to, defendant's filing of a claim of lien in June 2013. For example, plaintiff is not seeking to have the lien stricken. Indeed, these allegations might have been omitted from plaintiff's complaint without altering its substance. While plaintiff included allegations in her district court complaint detailing defendant's efforts in June 2013 to obtain payment from plaintiff, these allegations have no substantive relationship to plaintiff's causes of action, all of which are based on seeking recovery for her payment of part of the price quoted for the furniture.
Plaintiff argues next that the order entered by Magistrate Cook did not constitute a "final judgment," because the magistrate dismissed plaintiff's claim for jurisdictional reasons, rather than ruling on the merits of her claim. The basis of this argument is plaintiff's affidavit, in which she averred that during the hearing Magistrate Cook "inquired as to the amounts each party was claiming as damages in the action" and then "informed [her] that he was going to dismiss [her] action given that the amount of money involved exceeded the jurisdictional limit of $5,000." We hold that plaintiff's affidavit does not create a genuine issue of material fact regarding whether the magistrate entered a final judgment.
Plaintiff's argument is that the magistrate's comments represented its actual judgment, rather than the written order the court entered. However, in entering its order on a form provided for this purpose, the magistrate checked the box marked "[t]he court finds that the plaintiff has failed to prove the case by the greater weight of the evidence." On this basis, the magistrate ordered that "the plaintiff recover nothing of the defendant(s) and that this action be dismissed with prejudice." In addition, the magistrate checked the boxes ordering that "the costs of this action are taxed to plaintiff." The fact that the magistrate's order included multiple indications that he was ruling against plaintiff undercuts her argument that the magistrate intended to dismiss her claim based on lack of jurisdiction. If plaintiff believed that the magistrate's ruling was in error, she should have appealed for a trial de novoin district court. N.C. Gen.Stat. § 7A-228(a) provides, in pertinent part, that "[a]fter final disposition before the magistrate, the sole remedy for an aggrieved party is appeal for trial de novobefore a district court judge or a jury."
We also note that plaintiff identifies no legal or factual basis that would have supported dismissal of her small claims action on jurisdictional grounds. Plaintiff was notseeking an amount greater than $5,000 and defendant did notfile a counterclaim in which she was "claiming damages." "[A]lthough we cannot rely on a transcript to determine whether the trial court made oral statements of opinion and conclusions of law during the hearing, it is well-established that '[w]here the record is silent upon a particular point, it will be presumed that the trial court acted correctly in performing his judicial acts and duties.' " Lawson v. Lawson,--- N.C.App. ----, ----, 763 S.E.2d 570, 573 (2014) (quoting State v. Fennell,307 N.C. 258, 262, 297 S.E.2d 393, 396 (1982) (citations omitted). In accordance with this principle, we must assume that, if the magistrate did make the remarks attributed to him by plaintiff, he subsequently determined that such a ruling would be erroneous. As a result, plaintiff's affidavit does not create a genuine issue of material fact.
This argument lacks merit.
IV. Trial Court's Findings of Fact
Finally, plaintiff argues that the trial court committed reversible error by "improperly" finding facts that did not support its conclusions of law and which suggest that the court did not consider plaintiff's affidavit in reaching its decision. We disagree.
"[O]rdinarily, findings of fact and conclusions of law are not required in the determination of a motion for summary judgment, and if these are made, they are disregarded on appeal." Sunamerica Financial Corp. v. Bonham,328 N.C. 254, 261, 400 S.E.2d 435, 440 (1991) (citation omitted). In this case, the court's findings of fact consisted of a recitation of the undisputed procedural history of the case and two "findings" that are really conclusions of law and which we have treated as such.
V. Conclusion
We hold that the trial court did not err by entering summary judgment for defendant and that its order should be affirmed.
AFFIRMED.
Judges STEPHENS and McCULLOUGH concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from judgment entered 9 June 2014 by Judge J. Gary Dellinger in Catawba County District Court. Heard in the Court of Appeals 6 May 2015.

The record is devoid of information regarding whether this motion was ever ruled upon or whether it was in compliance with the provisions of N.C. Gen.Stat. § 7A-228(a).

Although the trial court labeled these as findings of fact, they are legal conclusions. "A conclusion of law mischaracterized as a finding of fact, will, on appeal, be treated as a conclusion of law and reviewed accordingly." 42 East, LLC v. D.R. Horton, Inc., 218 N.C.App. 503, 514, 722 S.E.2d 1, 9 (2012) (citing In re R.A.H., 182 N.C.App. 52, 60, 641 S.E.2d 404, 409 (2007) ).