IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-1065

Filed: 7 May 2019

Mecklenburg County, No. 17-CVD-23246

J. S. & ASSOCIATES, INC., Plaintiff,

v.

MARIA STEVENSON, Defendant/Counterclaim Plaintiff,

v.

J. S. & ASSOCIATES, INC., Counterclaim Defendant.

Appeal by Defendant from order entered 30 April 2018 by Judge Rebecca Thorne Tin in Mecklenburg County District Court. Heard in the Court of Appeals 27 March 2019.

*Dixon Law Firm, PLLC, by Malik Dixon, for the Plaintiff/Counterclaim Defendant-Appellee.*

*Moore & Van Allen PLLC, by Nathan A. White, for the Defendant/Counterclaim Plaintiff-Appellant.*

DILLON, Judge.

This case presents a novel circumstance in which the prevailing party appealed from a small claims court decision in her favor in order to assert related counterclaims in the district court above. Maria Stevenson, Defendant and Counterclaim Plaintiff, appeals from the district court's order dismissing her appeal and its accompanying counterclaims, which were brought for the first time on appeal. Stevenson contends

that her appeal rests in a gap between jurisdictional amount in controversy thresholds and the pleading requirements of compulsory counterclaims. After careful review, we find that Stevenson's circumstance is governed by existing law and, therefore, affirm.

## I. Background

Beginning in February 2015, Stevenson was a tenant in a home owned by J.S. & Associates, Inc. (hereafter, "JSA"), in Charlotte. The parties' relationship decayed over time due to issues concerning the maintenance of the property.

In November 2017, JSA filed a summary ejectment motion against Stevenson in small claims court.

In December 2017, the trial court entered judgment in Stevenson's favor, denying JSA's request for summary ejectment. Nevertheless, Stevenson appealed the small claims court's judgment to the district court in order to assert counterclaims against JSA, arising from JSA's alleged failure to maintain the rental property. JSA moved to dismiss Stevenson's appeal.

In April 2018, the district court granted JSA's motion to dismiss Stevenson's appeal, holding that Stevenson was not an aggrieved party and, therefore, had no right to appeal the small claims court judgment. Stevenson timely appealed.

## II. Analysis

This case presents our Court with a specific issue which we have not been asked to decide before: Where a defendant prevails in an action in small claims court, may she nonetheless bring compulsory counterclaims that exceed the jurisdictional limit of small claims court in an appeal to district court? We hold that this particular circumstance need not be directly provided for, as a proper avenue for redress presently exists.

In North Carolina, small claims courts have jurisdiction over claims for summary ejectment of a tenant, in addition to claims for monetary damages. N.C. Gen. Stat. § 7A-210(2) (2017). The amount in controversy in an action in small claims court may not exceed ten thousand dollars ($10,000). N.C. Gen. Stat. § 7A-210(1). This amount in controversy "ceiling" is a jurisdictional limitation, *Fickley v. Greystone Enterprises, Inc.*, 140 N.C. App. 258, 261, 536 S.E.2d 331, 333 (2000), which extends to all counterclaims, cross claims, and third-party claims brought in small claims court, *see* N.C. Gen. Stat. § 7A-219 (2017). That is, a defendant in a small claims action is not allowed to bring forth any counterclaim against the plaintiff, cross claim against another defendant, or third-party claim if the defendant's claim "would make the amount in controversy exceed the jurisdictional amount[.]" *Id.*

Appeal to the district court for trial *de novo* is the sole remedy available to an "aggrieved party" in a small claims court action. N.C. Gen. Stat. § 7A-228 (2017); *see 4U Homes & Sales, Inc., v. McCoy*, 235 N.C. App. 427, 436, 762 S.E.2d 308, 314 (2014)

(stating that "the only party entitled to invoke the District Court's jurisdiction following a decision by the magistrate in small claims court is an 'aggrieved party' "). And "[o]n appeal from the judgment of the magistrate for trial de novo before a district judge, the judge shall allow appropriate counterclaims[.]" N.C. Gen. Stat. § 7A-220 (2017). That is, when an *aggrieved party* properly brings an appeal from small claims court to district court pursuant to Section 7A-228, the parties may also bring their counterclaims, cross-claims, and third-party claims pursuant to Section 7A-220.

This procedure admittedly leaves open the circumstance before us in this case: What if a party prevails in small claims court, is therefore not an aggrieved party on appeal, but wishes to bring compulsory counterclaims that could not be brought in small claims court because they exceed the jurisdictional limit for amount in controversy? Generally, under Rule 13 of our Rules of Civil Procedure, counterclaims that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim" are compulsory. N.C. R. Civ. P. 13. And compulsory counterclaims must be brought in the same action, or they are lost. *Jonesboro United Methodist Church v. Mullins-Sherman Architects, L.L.P.*, 359 N.C. 593, 597, 614 S.E.2d 268, 271 (2005) ("[I]t is well settled that *absent a specific statutory or judicially determined exception*, a party's failure to interpose a compulsory counterclaim in an action that has been fully litigated bars assertion of that claim in any subsequent action." (emphasis added)).

However, Section 7A-219 makes it clear that counterclaims, even those ordinarily considered compulsory, may be brought in a subsequent, separate action in district court if and when they would exceed the amount in controversy allowed in small claims court:

> No counterclaim, cross claim or third-party claim which would make the amount in controversy exceed the jurisdictional amount established by G.S. 7A-210(1) is permissible in a small claim action assigned to a magistrate. . . . *Notwithstanding [N.C. R. Civ. P. 13],* failure by a defendant to file a counterclaim in a small claims action assigned to a magistrate, or failure by a defendant to appeal a judgment in a small claims action to district court, *shall not bar* such claims in a separate action.

N.C. Gen. Stat. § 7A-219 (emphasis added). "As a result, a defendant in a summary ejection action who wishes to assert counterclaims that have a value greater than the jurisdictional amount applicable in small claims court may either [1] assert their claims on appeal to the District Court from an *adverse decision* by the magistrate or [2] assert those claims in an entirely separate action." *4U Homes*, 235 N.C. App. at 435, 762 S.E.2d at 314 (2014) (emphasis added).

Here, Stevenson attempted to pursue the first option by appealing the small claims magistrate's decision in her favor. The district court dismissed the appeal, concluding that Stevenson had no right to appeal from a favorable small claims court judgment. We hold that the district court properly identified Stevenson's appropriate avenue for redress.

Stevenson contends that the district court erred in concluding that she was not an aggrieved party, as she was unable to bring her compulsory counterclaims in small claims court below. Stevenson's counterclaims are arguably compulsory and certainly exceed the ten thousand dollar ($10,000) threshold for an action in small claims court. *See Cloer v. Smith,* 132 N.C. App. 569, 574-5, 512 S.E.2d 779, 782 (1999).

We conclude that Stevenson's inability to bring her counterclaims does not render her an aggrieved party where she prevailed in small claims court. Our Supreme Court has generally defined a "person aggrieved" as a party "adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights." *In re Halifax Paper Co.,* 259 N.C. 589, 595, 131 S.E.2d 441, 446 (1963). Here, Stevenson is not an aggrieved party because she is still free to seek appropriate redress for her claims against JSA by bringing a separate action. *4U Homes*, 235 N.C. App. at 436-7, 762 S.E.2d at 314-5 (holding that the defendant was not an aggrieved party and could not appeal to district court from a small claims court decision in her favor where she could still seek additional damages by bringing her counterclaims in a separate action).

Further, Section 7A-219 specifically provides that counterclaims which exceed the statutory amount in controversy threshold of small claims court may be brought

in a separate action in district court *"notwithstanding [Rule 13]."*[1]  Therefore, if Stevenson brings her claims in a separate action in district court, any motion made by JSA to dismiss Stevenson's counterclaims as compulsory pursuant to Rule 13 would be properly denied.

We hold that the district court did not err in dismissing Stevenson's appeal. Stevenson is not an aggrieved party and therefore does not have standing to bring an appeal to the district court from the small claims court's order in her favor. Stevenson's proper course of action is to bring her counterclaims in a new action.

AFFIRMED.

Judges BRYANT and ARROWOOD concur.

---

[1] We note a decision from our Court which suggests that a defendant who is an aggrieved party in a small claims court action *must* bring an appeal to assert counterclaims rather than through a separate action. *Fickley v. Greystone*, 140 N.C. App. 258, 261, 536 S.E.2d 331, 333 (2000) (dismissing separate action where plaintiff should have brought claims by asserting counterclaims in an appeal from a prior small claims court action).  But *Fickley* does not apply in the present case as Stevenson was not an aggrieved party.