IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-1074

Filed 12 September 2023

Mecklenburg County, No. 22 CVD 3682

VIRGINIA CLUTE (f/k/a Virginia Gosney), Plaintiff,

v.

CHRISTOPHER P. GOSNEY, Defendant.

Appeal by plaintiff from order entered 31 August 2022 by Judge Paige B. McThenia in Mecklenburg County District Court. Heard in the Court of Appeals 8 August 2023.

*The Blain Law Firm, P.C., by Sabrina Blain, for plaintiff-appellant.*

*Law Office of Thomas D. Bumgardner, PLLC, by Thomas D. Bumgardner, for defendant-appellee.*

ZACHARY, Judge.

Plaintiff Virginia Clute ("Wife") appeals from an order granting the motion to dismiss filed by Defendant Christopher P. Gosney ("Husband"), denying Wife's motion for attorney's fees, and dismissing her amended complaint with prejudice pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. After careful review, we affirm in part, reverse in part, and remand.

## I.     Background

Wife and Husband married in 1994. They had two children during their marriage; however, "as a result of certain irreconcilable differences and disagreements," Wife and Husband separated in 2006.

On 5 April 2006, the parties entered into a separation agreement ("the Agreement"), by which the parties intended to effectuate a "final settlement of all marital and property rights." As relevant to this appeal, Section 4.3 of the Agreement provides for Husband's contribution to the support of the parties' children; Section 6.12 provides that "[e]ither party shall have the right to compel the performance of the provisions of this Agreement by suing for specific performance in the courts where jurisdiction of the parties and subject matter exists"; and Section 6.1 provides that the Agreement will "not be incorporated, by reference or otherwise, into any final judgment of divorce." Husband and Wife signed the Agreement under seal before a notary public.

Wife filed an amended complaint in Mecklenburg County District Court on 1 April 2022, advancing claims for breach of contract and for ongoing and retroactive child support pursuant to the North Carolina Child Support Guidelines. In her amended complaint, Wife alleged that Husband had violated the terms of the Agreement governing his support obligations "[s]tarting in August of 2017" when "Husband unilaterally reduced his child support payment from $908.00 to $600.00"; "in June of 2021, [when] Husband unilaterally reduced his child support payment to $150.00 per month; and as of December 2021, [when] Husband . . . stopped paying

monthly child support all together[.]" Wife also alleged that Husband had failed and refused to comply with additional terms of the Agreement: Namely, Wife alleged that Husband had failed to contribute his share of the children's uninsured medical expenses; to provide the children with "[h]ospital, [m]edical and [d]ental [i]nsurance" coverage; or to contribute toward the payment of the parties' son's college education expenses, should the son choose to attend college. In her prayer for relief, Wife asked the trial court to award her (1) specific performance on her breach of contract claim; (2) attorney's fees pursuant to the provisions of the Agreement, or alternatively, N.C. Gen. Stat. § 50-13.6; and (3) the entry of "an Order of Child Support, including an award of retroactive child support[.]"

On 27 May 2022, Husband filed a motion to dismiss "pursuant to Rules 12(b)(1) and/or 12(b)(6) of the North Carolina Rules of Civil Procedure." By order entered 31 August 2022, the trial court granted Husband's motion to dismiss pursuant to Rule 12(b)(6); denied Wife's "motion for attorney's fees pursuant to Rule 11 of the North Carolina Rules of Civil Procedure and the terms of the parties' separation agreement"; and dismissed Wife's amended complaint with prejudice. From this order, Wife timely filed written notice of appeal.

## II.    Discussion

### A. Standard of Review

The question for the court when considering a motion to dismiss pursuant to Rule 12(b)(6) "is whether, as a matter of law, the allegations of the complaint, treated

as true, are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Leary v. N.C. Forest Prods. Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (citation omitted), *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003). "The Court must construe the complaint liberally and should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." *Id.* (cleaned up).

The statute of limitations, however, "may be raised as a defense by a Rule 12(b)(6) motion to dismiss if it appears on the face of the complaint that such a statute bars the plaintiff's action." *Laster v. Francis*, 199 N.C. App. 572, 576, 681 S.E.2d 858, 861 (2009). On appeal, this Court reviews the pleadings de novo "to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary*, 157 N.C. App. at 400, 580 S.E.2d at 4.

## B. Breach of Contract and Specific Performance

On appeal, Wife argues that her amended complaint "contained sufficient allegations to proceed on her claims" because she "plead[ed] the elements of a claim for [b]reach of [c]ontract" and advanced sufficient allegations to entitle her to the remedy of specific performance of the parties' Agreement.

"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Becker v. Graber Builders, Inc.*, 149 N.C. App. 787, 792, 561 S.E.2d 905, 909 (2002). "A marital separation agreement which has not been incorporated into a court order is generally subject to the same

rules of law with respect to its enforcement as any other contract." *Condellone v. Condellone*, 129 N.C. App. 675, 681, 501 S.E.2d 690, 695 (cleaned up), *disc. review denied*, 349 N.C. 354, 517 S.E.2d 889 (1998). Thus, as a contract, "a separation agreement not incorporated into a final divorce decree may be enforced through the equitable remedy of specific performance." *Reeder v. Carter*, 226 N.C. App. 270, 275, 740 S.E.2d 913, 917 (2013) (cleaned up). To bring a claim for breach of contract and specific performance, "[t]he party claiming the right to specific performance must show the existence of a valid contract, its terms, and either full performance on his part or that he is ready, willing and able to perform." *Curran v. Barefoot*, 183 N.C. App. 331, 335, 645 S.E.2d 187, 190 (2007) (emphasis omitted).

Here, Wife alleges in her amended complaint that "[o]n April 5, 2006, the parties entered into a Contract of Separation, Property Settlement, Waiver of Alimony, Child Custody, and Child Support Agreement[.]" Pursuant to the terms of the Agreement, Husband is obligated to "pay to . . . Wife as child support the sum of $908.00 per month[.]" Husband must also "maintain in full force and effect the policies of . . . insurance covering the children of the marriage" until "such child graduates from college . . . or as long as his insurance carrier will allow him to provide such coverage if it takes longer than 4 years for the child to graduate from college"; "in the event coverage is no longer afforded through [Husband's] employment, then . . . he shall provide policies of . . . insurance coverage comparable to that presently maintained." Additionally, the Agreement provides that Husband shall pay a portion

of the children's uninsured medical expenses and college education expenses. Finally, Wife alleges that "Husband is capable of complying with the terms of the Agreement but has simply decided not to"; that his "breaches of the Agreement are willful and intentional"; and that "Wife has complied and performed pursuant to the Agreement." For these alleged breaches, Wife seeks specific performance of the Agreement.

After careful review in the appropriate light mandated by our standard of review, we conclude that Wife has sufficiently alleged the elements of breach of contract as it relates to Husband's obligations for monthly child support, health insurance, and uninsured medical expenses under the Agreement. Wife has "show[n] the existence of a valid contract, its terms, and either full performance on [her] part or that [s]he is ready, willing and able to perform" sufficient to raise a claim for breach of contract seeking the remedy of specific performance. *Id.*

We further conclude, however, that Wife has failed to allege a breach with regard to the son's future college expenses. Unlike the issues of support, health insurance, and uninsured medical expenses, as regards the son's future college expenses, Wife does not allege that Husband has yet breached this provision of the Agreement, merely that he has threatened to do so. But Wife's claim of anticipatory breach is inapt.

It is true that, as a general matter, "breach may occur by repudiation. Repudiation is a positive statement by one party to the other party indicating that he will not or cannot substantially perform his contractual duties." *Profile Invs. No. 25,*

*LLC v. Ammons E. Corp.*, 207 N.C. App. 232, 236, 700 S.E.2d 232, 235 (2010) (cleaned up), *disc. review denied*, 365 N.C. 192, 707 S.E.2d 240 (2011). "When a party repudiates his obligations under the contract before the time for performance under the terms of the contract, the issue of anticipatory breach or breach by anticipatory repudiation arises." *Id.* Yet "[f]or repudiation to result in a breach of contract, the refusal to perform must be of the whole contract or of a covenant going to the whole consideration, and must be distinct, unequivocal, and absolute." *D.G. II, LLC v. Nix*, 211 N.C. App. 332, 338, 712 S.E.2d 335, 340 (2011) (cleaned up).

Upon review of the amended complaint, Plaintiff has not alleged that Defendant's "refusal to perform" was of the "whole contract, or of a covenant going to the whole consideration[.]" *Id.* Plaintiff's allegation of anticipatory breach pertains to one discrete part of one section of the Agreement, Section 4.4, which provides for "College Education for the Parties' Children." Therefore, we conclude that Wife has failed to state a claim for anticipatory breach of the Agreement and the trial court properly dismissed her claim for the son's future college expenses. *Leary*, 157 N.C. App. at 400, 580 S.E.2d at 4.

### C. Statute of Limitations

We now determine whether the statute of limitations bars Wife's claim regarding Husband's obligations concerning monthly child support, health insurance, and uninsured medical expenses.

In his answer to the amended complaint, Husband asserts that

> [N.C. Gen. Stat. § 1-52(1)] sets the applicable statute of limitations at three years for actions arising out of contract. [Wife] has alleged [Husband] breached the contract with [Wife] in August of 2017. This action was not filed until [9 March 2022], some five years following [Husband]'s alleged breach. Thus, on the face of the [amended] complaint, Plaintiff has alleged facts that defeat her claims founded upon the parties' alleged contract.

Generally, "[t]he statute of limitations for a breach of contract action is three years[,]" pursuant to N.C. Gen. Stat. § 1-52(1). *Ludlum v. State*, 227 N.C. App. 92, 94, 742 S.E.2d 580, 582 (2013); *see also* N.C. Gen. Stat. § 1-52(1) (2021) (stating that an action "[u]pon a contract" is subject to a three-year statute of limitations). However, an action "[u]pon a sealed instrument" is subject to a ten-year statute of limitations. N.C. Gen. Stat. § 1-47(2) (2021). Accordingly, when a "[s]eparation [a]greement [i]s executed under seal, a ten-year statute of limitations, rather than the three-year statute of limitations, is applicable to [the] plaintiff's breach of contract claim." *Crogan v. Crogan*, 236 N.C. App. 272, 277, 763 S.E.2d 163, 166 (2014); *see also Harris v. Harris*, 50 N.C. App. 305, 314, 274 S.E.2d 489, 494 (applying the ten-year statute of limitations to an unincorporated separation agreement signed under seal), *disc. review denied and appeal dismissed*, 302 N.C. 397, 279 S.E.2d 351 (1981).

In the case at bar, the contracting parties—Wife and Husband—signed the Agreement under seal before a notary public. The Agreement plainly states that "the parties hereto have hereunto set their hands and seals to this Agreement"; the word "SEAL" appears in parentheses immediately adjacent to both Wife's and Husband's

signatures on the final page of the Agreement. "Because the Separation Agreement was executed under seal, a ten-year statute of limitations, rather than the three-year statute of limitations is applicable to [Wife]'s breach of contract" claim. *Crogan*, 236 N.C. App. at 277, 763 S.E.2d at 166.

It is well settled that a "cause of action generally accrues and the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Penley v. Penley*, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985). In her amended complaint, Wife alleges that Husband "ha[d] failed to comply with the terms of the Agreement . . . [s]tarting in August of 2017," when he "unilaterally reduced his child support payment from $908.00 to $600.00." She further alleges that "in June of 2021, Husband unilaterally reduced his child support payment to $150.00 per month[,] and as of December 2021, Husband ha[d] stopped paying monthly child support all together, in violation of the Agreement." Moreover, Wife alleges that Husband has ceased payment of his share of the children's uninsured medical expenses for an indeterminate period and has not provided health insurance coverage since 2021 or reimbursed her for providing coverage since 2022.

The dates on which Husband is alleged to have breached the Agreement with regard to his obligations for child support, health insurance, and uninsured medical expenses are well within the ten-year statute of limitations applicable to a separation agreement executed under seal. Thus, "there is no bar to recovery of unpaid child support payments[,]" health insurance, and uninsured medical expenses pursuant to

the Agreement "which came due during the ten years immediately prior to the filing of [Wife's] claim" on 1 April 2022. *Belcher v. Averette*, 136 N.C. App. 803, 806, 526 S.E.2d 663, 665 (2000) (citation omitted).

For the foregoing reasons, we conclude that the allegations of Wife's amended complaint, taken as true, are sufficient to state a claim upon which relief may be granted. Wife's claim for breach of contract—for which she requests specific performance of Husband's obligations as to child support, health insurance, and uninsured medical expenses under the Agreement—is not tolled by the statute of limitations. Accordingly, the trial court erred in dismissing Wife's amended complaint for breach of contract and specific performance pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We therefore reverse this portion of the trial court's order.

### D. Child Support Pursuant to the NC Child Support Guidelines

We next address Wife's claim for child support pursuant to the North Carolina Child Support Guidelines, which she advances independent of her claim under the Agreement. Wife contends that, like her claim for child support under the Agreement, the trial court similarly erred by dismissing her alternative claim for support under the Guidelines. We agree.

It is axiomatic that the trial court cannot modify the terms of an unincorporated separation agreement, which stands as a contract between the parties. *See Lasecki v. Lasecki,* 257 N.C. App. 24, 43, 809 S.E.2d 296, 310 (2017)

- 10 -

(explaining that a "separation agreement is a contract between the parties and the court is without power to modify it except . . . to provide for adequate support for minor children, and . . . with the mutual consent of the parties thereto" (citation and emphases omitted)). Moreover, to "accord sufficient weight to parties' separation agreements, as our common law directs[,]" when the parties "have executed a separation agreement that includes [a] provision for child support, the court must apply a rebuttable presumption that the amount set forth is just and reasonable[.]" *Pataky v. Pataky*, 160 N.C. App. 289, 302–03, 585 S.E.2d 404, 412–13 (2003), *aff'd per curiam*, 359 N.C. 65, 602 S.E.2d 360 (2004).

If, however, the trial court "determines by the greater weight of the evidence that the presumption of reasonableness afforded the separation agreement allowance is rebutted . . . the court then looks to the presumptive guidelines" to determine whether "application of the guidelines would not meet or would exceed the needs of the child[.]" *Id.* at 305, 585 S.E.2d at 415.

"[T]he three-year statute of limitations under Section 1-52(2) bars the recovery of child support expenditures incurred more than three years before the date the action for child support is filed." *Napowsa v. Langston*, 95 N.C. App. 14, 21, 381 S.E.2d 882, 886, *disc. review denied*, 325 N.C. 709, 388 S.E.2d 460 (1989). Therefore, the applicable statute of limitations for an action for support of a minor child pursuant to N.C. Gen. Stat. § 50-13.4(c) is three years from the "filing of the action." N.C. Gen. Stat. § 1-52(2) (2021); *see also Smith v. Smith*, 247 N.C. App. 135, 150, 786 S.E.2d 12,

24 (2016) (noting that the cause of action "only limits reimbursement to three years prior to the filing of the action").

In the present case, should the trial court determine that the parties' Agreement does not adequately provide for the children's needs, Wife's claim for ongoing child support (independent of the child support provisions of the Agreement) is not barred by the statute of limitations. However, the Guidelines prohibit the award of retroactive child support when the parties have an unincorporated separation agreement that contains provisions for child support, absent a showing of an emergency:

> [I]f a child's parents have executed a valid, unincorporated separation agreement that determined a parent's child support obligation for the period of time before the child support action was filed, the court shall not enter an order for retroactive child support or prior maintenance in an amount different than the amount required by the unincorporated separation agreement.

North Carolina Child Support Guidelines at 2 (2019); *see also Carson v. Carson*, 199 N.C. App. 101, 111, 680 S.E.2d 885, 892 (2009) ("Absent an emergency situation, the Agreement was binding, and the trial court had no authority to award retroactive child support in excess of the terms of the Agreement.").

### E. Attorney's Fees

Wife also maintains that the trial court erred in dismissing her claim for attorney's fees pursuant to the terms of the Agreement, or in the alternative, pursuant to N.C. Gen. Stat § 50-13.6.

Section 6.15 of the Agreement provides, *inter alia*, that "[i]n the event it becomes necessary to institute legal action to enforce compliance with the terms of this Agreement . . . the parties agree that at the conclusion of such legal proceeding the losing party shall be solely responsible for all legal fees and costs incurred[.]" In the alternative, Wife seeks statutory relief under N.C. Gen. Stat § 50-13.6, which provides that "the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit" in "actions for custody and support of minor children." N.C. Gen. Stat. § 50-13.6 (2021).

It remains to be determined whether Husband has breached the Agreement or is obligated to pay child support independent of the child support provisions of the Agreement. Thus, the issue of attorney's fees shall be addressed by the trial court on remand.

## III.   Conclusion

The trial court properly dismissed Wife's claim for breach of contract as concerns the son's future college expenses; accordingly, we affirm the court's order as to this provision. Regarding the issues of child support, health insurance, and uninsured medical expenses, however, the trial court erred in dismissing Wife's claim for breach of contract because "as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted[,]" *Leary*, 157 N.C. App. at 400, 580 S.E.2d at 4, and the claim is not barred by the

applicable statute of limitations, *Laster*, 199 N.C. App. at 576, 681 S.E.2d at 861. If the trial court determines that the Husband's child support obligation under the Agreement is not reasonable, the statute of limitations has not tolled Wife's claim for ongoing child support independent of the child support provisions of the Agreement. Thus, the trial court erred by dismissing this claim as well.

For the foregoing reasons, the trial court's order is affirmed in part, reversed in part, and remanded for further proceedings.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

Judges COLLINS and RIGGS concur.